UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                            Case No. 09-50779

Dennis E. Hecker,

        Debtor.

---

Randall L. Seaver, Trustee,                       Adv. Pro. No. 10-5027

        Plaintiff,

vs.

New Buffalo Auto Sales, LLC,
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener, and Palladium Holdings
LLC,

        Defendants.

---

## ANSWER OF PALLADIUM HOLDINGS LLC TO AMENDED COMPLAINT

Palladium Holdings LLC ("Palladium"), as and for its Answer to the amended complaint ("Complaint") states and alleges as follows:

1. Answering paragraph 1 of the Complaint, ADMITS the same.

2. Answering paragraph 2 of the Complaint, ADMITS the same.

3. Answering paragraph 3 of the Complaint, ADMITS that this action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) but DENIES any liability pursuant to that section.

4. Answering paragraph 4 of the Complaint, ADMITS that the bankruptcy court has jurisdiction over this adversary proceeding and that this action is commenced pursuant to the statutory sections cited, but DENIES any liability pursuant to those sections.

5. Answering paragraph 5 of the Complaint, ADMITS that BNLLC is owned or controlled by Wagener, but upon information and belief, DENIES that BNLCC is a Ford Dealer.

6. Answering paragraph 6 of the Complaint, ADMITS the same.

7. Answering paragraph 7 of the Complaint, ADMITS the same.

8. Answering paragraph 8 of the Complaint, ADMITS the same.

9. Answering paragraph 9 of the Complaint, ADMITS the same.

10. Answering paragraph 10 of the Complaint, ADMITS the same.

11. Answering paragraph 11 of the Complaint, ADMITS the same.

12. Answering paragraph 12 of the Complaint, states it has insufficient information to admit or deny the same and therefore, DENIES, the same.

13. Answering paragraph 13 of the Complaint, ADMITS the same.

14. Answering paragraph 14 of the Complaint, ADMITS that the same.

15. Answering paragraph 15 of the Complaint, states it has insufficient information to admit or deny the same and therefore, DENIES, the same.

16. Answering paragraph 16 of the Complaint, ADMITS that NBLLC redeemed but DENIES the remainder of the paragraph.

17. Answering paragraph 17 of the Complaint, STATES that Palladium purchased the judgment from NBLLC, giving it the right to redeem, but DENIES the remainder of the paragraph.

18. Answering paragraph 18 of the Complaint, ADMITS that Palladium holds an interest in North Ridge, but denies that any other defendants do.

19. Answering paragraph 19 of the Complaint, STATES that the allegations call for a conclusion of law. Palladium, nevertheless DENIES the same.

20. Answering paragraph 20 of the Complaint, ADMITS the same.

21. Answering paragraph 21 of the Complaint, admits that Dennis Hecker owed a debt to New Buffalo and Wagener pursuant to the judgment obtained on May 7, 2009. Palladium DENIES all other allegations in paragraph 21 of the Complaint.

22. Answering paragraph 22 of the Complaint, states it has insufficient information to admit or deny the same and therefore, DENIES, the same.

23. Answering paragraph 23 of the Complaint, DENIES the same.

24. Answering paragraph 24 of the Complaint, STATES that the allegations call for a conclusion of law. Palladium, nevertheless DENIES the same.

25. Answering paragraph 25 of the Complaint, DENIES the same.

26. Answering paragraph 26 of the Complaint, DENIES the same.

27. Answering paragraph 27 of the Complaint, DENIES the same.

28. In response to paragraph 28 of the Complaint, Palladium realleges and incorporates by reference each and every response to paragraphs 1 through 27 of the Complaint set forth in this Answer.

29. Answering paragraph 29 of the Complaint, states it has insufficient information to admit or deny the same and therefore, DENIES, the same.

30. Answering paragraph 30 of the Complaint ADMITS same.

31. Answering paragraph 31 of the Complaint, DENIES same.

32. Answering paragraph 32 of the Complaint, ADMITS that on April 20, 2010 the May 7, 2009 judgment was filed in Office of Registrar of Titles as Doc No 4747121. Palladium denies all other allegations in paragraph 32 of the Complaint.

33. Answering paragraph 33 of the Complaint of Plaintiff, DENIES same.

34. In response to paragraph 34 of the Complaint, Palladium realleges and incorporates by reference each and every response to paragraphs 28 through 33 of the Complaint set forth in this Answer.

35. Answering paragraph 35 of the Complaint, DENIES same.

36. Answering paragraph 36 of the Complaint, admits it knew about the Dennis Hecker bankruptcy filing. Palladium denies all other allegations in paragraph 36 of the Complaint.

37. Answering paragraph 37 of the Complaint of Plaintiff, DENIES same.

38. Answering paragraph 38 of the Complaint of Plaintiff, DENIES same.

## **AFFIRMATIVE DEFENSES**

39. Plaintiff has failed to state a claim for which relief can be granted.

40. Plaintiff has abandoned North Ridge.

41. Plaintiff has fully administered North Ridge.

42. Plaintiff has conveyed the interest of the bankruptcy estate in North Ridge.

43. Plaintiff has no standing to bring this action.

44. The transfer complained of is not a "preferential transfer" within the meaning of the Bankruptcy Code.

45. Plaintiff's claims are barred by the doctrines of accord and satisfaction, laches, statute of limitations, estoppel, payment, release, res judicata, claim preclusion, issue preclusion, and waiver.

46. The foreclosure sale is governed under state law, and absent any irregularities, this court lacks jurisdiction to undo that sale, or its consequences.

47. There is no lien or transfer to preserve under 11 U.S.C. § 551.

48. There is no "value," under 11 U.S.C. § 550, attributable to any transfers herein and, therefore, no monetary judgment can be entered against defendants.

49. To the extent there is any "value," as such term is defined under 11 U.S.C. § 550, such value was created by Palladium and others who would be entitled to a lien against the property for the costs incurred in creating that value.

50. The trustee seeks to recover value in the property related to three other liens that were prior and superior to any interest of defendants, but the trustee has not alleged that those liens are avoidable.

51. Trustee has failed to join an indispensible party.

52. To the extent that any other defendant has asserted any defense or offset, Palladium incorporates the same and adopts the benefit thereof.

53. Palladium reserves it rights to assert any additional defenses as revealed by further investigation or discovery in this matter.

**WHEREFORE**, defendant, Palladium Holdings LLC prays for judgment of the Court as follows:

1. Dismissing plaintiff's claims against Palladium Holdings LLC, in their entirety with prejudice and on the merits;

2. For such other and further relief as this Court shall deem just and equitable.

Dated: September 7, 2010

BERNICK, LIFSON, GREENSTEIN, GREENE & LISZT, P.A.

BY: /e/ Chrystal Donnell
Chrystal Donnell (#0325685)
Suite 1200, The Colonnade
5500 Wayzata Boulevard
Telephone: (763) 546-1200
*Attorneys for Palladium Holdings LLC*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 09-50779 |
| Dennis E. Hecker, | |
| Debtor. | |

| | |
|---|---|
| Randall L. Seaver, Trustee, | Adv. Pro. No. 10-5027 |
| Plaintiff, | |
| vs. | |
| New Buffalo Auto Sales, LLC, a Minnesota limited liability company, f/k/a New Buffalo Chrysler, LLC, Maurice J. Wagener, and Palladium Holdings LLC, | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

    I, Tracey Newman, declare under penalty of perjury that on the 7th day of September, 2010, I caused the annexed ANSWER OF PALLADIUM HOLDINGS LLC TO AMENDED COMPLAINT and this Certificate of Service to be served on the persons listed below by placing a copy thereof in an envelope and arranging for the deposit of same, postage prepaid, via First Class United States Mails at Minneapolis, Minnesota.

Matthew R. Burton
Leonard O'Brien et al
100 South 5th Street
Suite 2500
Minneapolis, MN 55402-1234

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415

Mychal A. Bruggeman
1400 AT&T Tower
901 Marquette Ave.
Minneapolis, MN 55402

1

Executed on: September 7, 2010    BERNICK, LIFSON, GREENSTEIN,
                                  GREENE & LISZT, P.A.

                                  /s/ Tracey Newman
                                  Legal Administrative Assistant
                                  Suite 1200, The Colonnade
                                  5500 Wayzata Boulevard
                                  Telephone: (763) 546-1200