UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  Bky No. 50779

Dennis E. Hecker,  Chapter 7

      Debtor.

---

Randall L. Seaver, Trustee,

Adv. No. 10-5027

      Plaintiff,

vs.  NEW BUFFALO AUTO SALES, LLC
AND MAURICE J. WAGENER'S
ANSWER TO AMENDED COMPLAINT

New Buffalo Auto Sales, LLC,
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener, and Palladium Holdings,
LLC,

      Defendants.

---

As and for its Answer to Plaintiff's Amended Complaint (the "Complaint"), Defendants New Buffalo Auto Sales and Wagener (the "Defendants") states and alleges as follows:

## ANSWER

1. Unless otherwise admitted or clarified herein, denies each and every allegation thereof.

2. Defendants admit the allegation set forth in paragraph 1.

3. Defendants admit the allegation set forth in paragraph 2.

4. Defendants lack knowledge or information sufficient to develop a belief as to the

1

truth of the allegation in paragraph 3, and therefore deny the same.

5. Defendants lack knowledge or information sufficient to develop a belief as to the truth of the allegations in paragraph 4, and therefore deny the same.

6. With regard to paragraph 5, New Buffalo admits that it is owned or controlled by Wagener but states that it has not been a Ford dealer.

7. On information and belief, Defendants admit the allegation set forth in paragraph 6.

8. Defendants admit the allegation set forth in paragraph 7.

9. Defendants admit the allegation set forth in paragraph 8.

10. Defendants deny that the judgment was entered and docketed on May 7, 2010, and the remaining allegations of paragraph 9. A judgment as described in paragraph 9 was entered and docketed on May 7, 2009.

11. Defendants lack knowledge or information sufficient to develop a belief as to the truth of the allegations in paragraph10, and therefore deny the same, except that on information and belief, Defendants believe that Debtor owned the real estate identified in paragraph 10 at the time of his bankruptcy filing.

12. Defendants admit the allegation set forth in paragraph 11, except state that obtaining the judgment as described was not a transfer of any property of the Debtor's.

13. Defendants lack sufficient knowledge and information to develop a belief as to the truth of the allegation set forth in paragraph 12, and therefore deny the same.

14. On information and belief, Defendants admit the allegation set forth in paragraph 13.

15. On information and belief, Defendants admit the allegation set forth in paragraph

14.

16. Defendants lack sufficient knowledge and information to develop a belief as to the truth of the allegation set forth in paragraph 15, and therefore deny the same.

17. With regard to the allegations in paragraph 16, Defendants admit that New Buffalo redeemed from a judgment memorialized on the Certificate of Title for the North Ridge property from U.S. Bank for the amount of $218,075.30.

18. Defendants admit that New Buffalo sold the property the same day to Palladium, but denies that there was any "financing arrangement" between New Buffalo and Palladium as alleged in paragraph 17.

19. Defendants lack sufficient knowledge and information to develop a belief as to the truth of the allegation set forth in paragraph 18, and therefore deny the same.

20. With regard to paragraph 19, Defendants admit that prior to the commencement of Debtor's case, they obtained a judgment against the debtor but that obtaining the judgment itself was not a transfer of any property interest of the debtor's.

21. With regard to paragraph 20, Defendants deny that there was a transfer as described, although the Defendants admit that they were pre-petition creditors of the Debtor.

22. With regard to paragraph 21, Defendants deny that there was a transfer as described, but admit that the Debtor was indebted to Defendants.

23. Defendants lack sufficient knowledge and information to develop a belief as to the truth of the allegation set forth in paragraph 22, and therefore deny the same.

24. With regard to paragraph 23, Defendants deny that there was a transfer as described, or that as a result of the alleged transfer, the Defendants will receive more than they would receive as creditors in this Chapter 7 case. Defendants also affirmatively allege that the

"Redemption" was also not a transfer of the Debtor's or the Estate's property.

25. Defendants lack sufficient knowledge and information to develop a belief as to the truth of the allegation set forth in paragraph 24, and therefore deny the same.

26. Defendants deny the allegation in paragraph 25.

27. Defendants deny the allegation in paragraph 26.

28. Defendants deny the allegation in paragraph 27.

29. Paragraph 28 does not require a response other than to say that Defendants reallege their responses to the foregoing paragraphs in plaintiff's complaint.

30. On information and belief, Defendants admit paragraph 29.

31. On information and belief, Defendant admit paragraph 30, but affirmatively allege that registration is not required for an effective transfer of the property under Minnesota law.

32. With regard to the allegations of paragraph 31, Defendants deny that the trustee's delivery of the deed did not act as a conveyance. Defendants admit that the deed was never registered, but deny that with respect to the estate's rights in the property that registration was required to transfer the property from the estate.

33. With regard to the allegations of paragraph 32, Defendants admit that the Judgment was registered against the North Ridge property, but deny that Defendants undertook the registration or directed the registration by another person or entity. Defendants deny the remaining allegations of paragraph 32.

34. With regard to the allegations of paragraph 33, Defendants deny that there was no conveyance of the North Ridge property to Ralph Thomas. Defendants lack sufficient information and knowledge to form a belief as to the truth of the remaining allegations of paragraph 33, and therefore deny the same.

35. Paragraphs 34 through 38 are not directed at Defendants, but Defendants deny all allegations therein which state that the Defendants received an avoidable transfer either as a preference or post-petition transfer.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. The court lacks subject matter jurisdiction to render certain decisions that do not involve property of the estate or relate to the debtor's bankruptcy.

3. Plaintiff's claim is barred by the doctrines of accord and satisfaction, laches, statute of limitations, estoppel, payment, release, res judicata, claim preclusion, issue preclusion, and waiver.

4. The North Ridge property had no equity at the time of any transfers to Defendants, and there was no transfer of estate property.

5. There are no transfers alleged which diminished the assets of the Debtor's bankruptcy estate.

6. The transfers alleged did not allow Defendants to recover more than they would through the debtor's Chapter 7 bankruptcy.

7. Trustee lacks standing to pursue claims related to transfers of the North Ridge property occurring after the trustee transferred the Estate's interest in the North Ridge property through deed and sale to Ralph Thomas, which sale was confirmed by court order dated January 27, 2010.

8. Trustee's complaint is an impermissible collateral attack on that order.

9. As of time of the court order approving the sale, the trustee had also abandoned or fully administered the North Ridge property for the benefit of the Estate under Section 554 of the

Bankruptcy Code.

10. Trustee lacks standing to pursue claims related to transfers of the North Ridge property occurring after the expiration of the Debtor's statutory redemption rights, if any existed, in the North Ridge property, expired.

11. Trustee waived any right to claim equity existed in the property when it failed to contest U.S. Bank's motion for relief from the automatic stay, or U.S. Bank's allegations that there was no equity in the property.

12. Trustee has failed to allege any irregularities of the U.S. Bank foreclosure sale under state law and therefore this court lacks jurisdiction to undo that sale, or its consequences.

13. There is no lien or transfer to preserve under 11 U.S.C. § 551.

14. The trustee cannot preserve any liens alleged herein for the benefit of the estate because such liens were extinguished by the foreclosure and redemption.

15. There is no "value," as such term is defined under 11 U.S.C. § 550, attributable to any transfers herein alleged in the complaint and therefore no monetary judgment can be entered against Defendants.

16. To the extent there is any "value," as such term is defined under 11 U.S.C. § 550, such value was created by New Buffalo, who would be entitled to a lien against the property for the costs incurred in creating that value.

17. Trustee seeks to recover value in the property related to three other liens that were prior and superior to any interest by Defendants, but Trustee has not alleged that those liens are avoidable.

18. Defendants acted in good faith at all times.

19. Trustee has failed to join an indispensible party.

20. To the extent that any other defendants have asserted a defense to the Trustee's action, the Defendants in this answer incorporate and assert that same defense.

21. Defendants reserve their rights to assert any additional defenses as revealed by further investigation or discovery in this matter.

**WHEREFORE**, Defendants New Buffalo and Wagener pray for judgment of the Court as follows:

1. Dismissing Plaintiff's claims against this Answering Defendant in their entirety with prejudice and on the merits;

2. Such other and further relief as this Court shall deem just and equitable.

Dated: September 8, 2010                MACKALL, CROUNSE & MOORE, PLC


By /e/ Mychal A. Bruggeman
Mychal A. Bruggeman (#345489)
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402
(612) 305-1400

ATTORNEYS FOR DEFENDANTS NEW
BUFFALO AUTO SALES, LLC AND
MAURICE J. WAGENER

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re: Bky No. 50779

Dennis E. Hecker, Chapter 7

       Debtor.

---

Randall L. Seaver, Trustee,

       Plaintiff,

Adv. No. 10-5027

vs.

New Buffalo Auto Sales, LLC,
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener, and Palladium Holdings,
LLC,

       Defendants.

---

### UNSWORN DECLARATION FOR PROOF OF SERVICE
---

Jinah E. Finnes, employed by Mackall, Crounse & Moore, PLC, attorney(s) licensed to practice law in this court, with office address of 1400 AT&T Tower, 901 Marquette Avenue, Minneapolis, MN 55402-2859, declares that on the date set forth below, caused the following documents:

**New Buffalo Auto Sales, LLC and Maurice J. Wagener's Answer to Amended Complaint**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Matthew R. Burton    mburton@losgs.com, swood@losgs.com
- Chrystal M Donnell    cdonnell@bernicklifson.com, chrystlaw@aol.com;bdarkow@bernicklifson.com

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

| | |
|---|---|
| NEW BUFFALO AUTO SALES, LLC<br>F/K/A NEW BUFFALO CHRYSLER, LLC<br>12520 WAYZATA BOULEVARD<br>MINNEAPOLIS, MN 55305 | MAURICE J. WAGENER<br>12520 WAYZATA BOULEVARD<br>MINNEAPOLIS, MN 55305 |

Dated: September 8, 2010        Signed: /e/Jinah E. Finnes

1286811.1-JEF