# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Dennis E. Hecker,<br><br>Debtor. | BKY No. 09-50779 |
| Randall L. Seaver, Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>New Buffalo Auto Sales, LLC,<br>a Minnesota limited liability company,<br>f/k/a New Buffalo Chrysler, LLC,<br>Maurice J. Wagener, and Palladium Holdings LLC,<br><br>Defendants. | ADV No. 10-5027 |

## STIPULATION TO AMEND COMPLAINT

The Plaintiff, Randall L. Seaver, Trustee and Defendants New Buffalo Auto Sales, LLC, Maurice J. Wagener and Palladium Holdings LLC, by their undersigned attorneys, enter into this Stipulation.

WHEREAS, Randall L. Seaver, Trustee, commenced this adversary proceeding on July 26, 2010, seeking to avoid and recover a judgment and transfers effected thereby, pursuant to 11 U.S.C. §§547, 549 and 550; and

WHEREAS, the Trustee seeks to amend the complaint to comport with Exhibit A hereto.

The Trustee and Defendants stipulate to the following:

1. That the Trustee may file and serve a Second Amended Complaint in the form attached as Exhibit A under Fed. R. Civ. P. 15 and Bankruptcy Rule 7015; and,

2. That the Defendants will have 14 days to respond to the Second Amended Complaint as provided by Bankruptcy Rule 7015(a)(3).

**LEONARD, O'BRIEN SPENCER, GALE & SAYRE, LTD.**

Dated: October 8, 2010

By: /e/ Matthew R. Burton
Matthew R. Burton, #210018
100 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402-1234
(612) 332-1030

Attorneys for Randall L. Seaver, Trustee

**MACKALL CROUNSE & MOORE**

Dated: October 12, 2010

By: /s/ Mychal A. Bruggeman
Mychal A. Bruggeman, #345489
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, Minnesota 55402
(612) 305-1478

Attorneys for New Buffalo Auto Sales LLC and Maurice J. Wagener

Dated: October 11, 2010

BERNICK, LIFSON, GREENSTEIN LISZT PA

By: /s/ Chrystal M. Donnell
Chrystal M. Donnell, #325685
The Colonnade, Suite 1200
5500 Wayzata Boulevard
Minneapolis, Minnesota 55416
(763) 546-1200

Attorneys for Palladium Holdings LLC

428688

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Dennis E. Hecker,<br><br>   Debtor. | BKY No. 09-50779 |
| Randall L. Seaver, Trustee,<br><br>   Plaintiff,<br><br>vs.<br><br>New Buffalo Auto Sales, LLC,<br>a Minnesota limited liability company,<br>f/k/a New Buffalo Chrysler, LLC,<br>Maurice J. Wagener, and Palladium Holdings LLC,<br><br>   Defendants. | ADV No. 10-5027<br><br>**SECOND AMENDED COMPLAINT** |

  Randall L. Seaver, Trustee of the Bankruptcy Estate of Dennis E. Hecker ("**Debtor**"), for his Complaint against New Buffalo Auto Sales, LLC, a Minnesota limited liability company, f/k/a New Buffalo Chrysler, LLC ("**NBLLC**"), Maurice J. Wagener ("**Wagener**") and Palladium Holdings, LLC ("**Palladium**") (collectively "**Defendants**"), states and alleges as follows:

  1. Randall L. Seaver is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

  2. This bankruptcy case was commenced on June 4, 2009 by the filing of a voluntary Chapter 7 petition.

  3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

  4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This case arises under 11 U.S.C. §§547, 549, 550 and 551.

5. Defendant NBLLC is believed to be a Ford dealer in Buffalo, MN owned or controlled by Defendant Wagener.

6. Defendant Palladium is a Minnesota limited liability company.

7. Prior to May 7, 2009, Defendants NBLLC and Wagener, apparently, had a claim against the Debtor in an amount approximating $324,938.72.

8. In January, 2009, Defendants NBLLC and Wagener commenced an action in Hennepin County, MN against the Debtor to collect on the debt (Hennepin County Court File No. 27-CV-09-2692).

9. On or about May 7, 2010, a judgment in the amount of $324,938.72 was entered and docketed against the Debtor and in favor of Defendants NBLLC and Wagener (the "**Judgment**").

10. At the time of filing, Debtor owned real estate located at 1615 Northridge Drive, Medina, MN 55391 and legally described as follows:

Lot 15, Block 3, North Ridge Farm, Hennepin County, Minnesota

("**North Ridge**").

11. The Judgment was obtained within 90 days prior to the commencement of this bankruptcy case.

12. North Ridge was a non-exempt asset of the Debtor.

13. U.S. Bank held the first mortgage on North Ridge. It obtained stay relief, foreclosed the mortgage and purchased North Ridge at the sheriff's sale for $213,263.00.

14. The second and third mortgage holders, whose original principal balances totaled approximately $900,000.00, did not redeem.

15. Upon information and belief, North Ridge has a value of in excess of $800,000.00. The county tax value for North Ridge is $1,838,000.00.

16. On or about July 22, 2010, Defendants NBLLC and Wagener through use of the Judgment, redeemed from the U.S. Bank foreclosure by tendering less than $225,000.00 to the Hennepin County Sheriff (the "**Redemption** ").

17. That same day, Defendants NBLLC and Wagener sold their interest in North Ridge to Palladium, which had financed U.S. Bank redemption.

18. As a result of the Judgment and subsequent Redemption, Defendants now hold an interest in North Ridge.

19. In addition to the foregoing, on about April 29, 2009. Koch Group Mpls, LLC obtained a judgment against Hecker in the amount of $813.67 (Hennepin County File No. 27-CV-25766) (the "**Koch Judgment**").

20. The Koch Judgment was recorded on the Torrens Certificate on April 22, 2010 ("**Koch Proceeding**").

21. On or about July 8, 2010, Palladium recorded a notice of intent to redeem from the Koch Judgment.

22. On or about July 20, 2010, apparently due to payment by Debtor, the Koch Judgment was satisfied.

23. Despite the satisfaction of the Koch Judgment, Palladium recorded a certificate of redemption in the amount of $561,500.00 on or about July 29, 2010 as document number 4774765.

## COUNT I: AVOIDANCE OF JUDGMENT LIEN
## AS A PREFERENTIAL TRANSFER (NBLLC AND WAGENER)

24. Prior to commencement of this Chapter 7 case, Defendants NBLLC and Wagener obtained the Judgment which was a "transfer" of an interest of the Debtor in property.

25. At the time of the transfer, Defendants NBLLC and Wagener were creditors of the Debtor.

26. The transfer was for or on account of an antecedent debt owed by the Debtor to Defendants NBLLC and Wagener.

27. The Debtor was insolvent at the time of the transfer and is deemed to have been insolvent.

28. The transfer will enable Defendants NBLLC and Wagener to recover more than they would receive as creditors in this Chapter 7 case by the means of the Redemption.

29. None of the exceptions to the Plaintiff's avoidance powers set forth in 11 U.S.C. §547(c) applies to the transfer.

30. Pursuant to 11 U.S.C. §547(b), the transfer is avoidable.

31. Pursuant to 11 U.S.C. §§550 and 551, Plaintiff may avoid the transfer and preserve the Judgment and the resulting Redemption for the benefit of the bankruptcy estate.

32. Alternatively, Plaintiff is entitled to a judgment against Defendants NBLC and Wagener in the amount of the value of the transfer.

## COUNT II: AVOIDANCE UNDER 11 U.S.C. §549

33. The Trustee realleges the foregoing paragraphs of this Complaint in their entirety.

34. In February, 2010, the trustee signed and had delivered to Attorney William Skolnick a deed purporting to transfer the estate's interest in the North Ridge property to Ralph Thomas ("**Trustee Deed**").

35. The Trustee's Deed to Ralph Thomas was never registered. A copy of the certificate of title as it existed on July 30, 2010, is attached hereto as Exhibit A.

36. Pursuant to Minn. Stat. §508.47(1), the Trustee's Deed did not act as a conveyance, but only a contract between the parties. The act of registration was the operative act necessary to convey North Ridge. No such registration ever took place, and at all relevant times, the certificate of title remained in the name of Dennis E. Hecker.

37. On April 20, 2010, the Judgment was memorialized upon the certificate as Doc. No. 4747121. That memorialization acted as a conveyance of an interest in the North Ridge property. The conveyance of an interest in the North Ridge property effected by the April 20, 2010 Judgment memorialization is a transfer avoidable by the trustee pursuant to 11 U.S.C. §549 and recoverable under 11 U.S.C. §550.

38. Because the deed to Ralph Thomas was not registered there was no conveyance of the North Ridge property to Ralph Thomas. Because the deed was not registered, the Defendants were able to memorialize the Judgment on April 20, 2010. Had the Trustee's Deed been registered prior to that time and the conveyance this made to Ralph Thomas, the Defendants would have been unable to memorialize the Judgment on the certificate.

## COUNT III: AVOIDANCE OF JUDGMENT LIEN
## (PALLADIUM)

39. The Trustee realleges the foregoing paragraphs of this Complaint in their entirety.

40. Palladium is either the immediate or mediate transferee of the Judgment or, alternatively, is the entity for whose benefit such transfer was made.

41. Palladium, at all times material hereto, was aware of the Debtor's bankruptcy case and the potential avoidability of transfers.

42. Pursuant to 11 U.S.C. §§547, 549, 550 and 551, Plaintiff may avoid the transfer and preserve the Judgment and the resulting Redemption for the benefit of the bankruptcy estate from Palladium.

43. Alternatively, Plaintiff is entitled to a judgment against Defendant Palladium in the amount of the value of the transfer.

## COUNT IV: AVOIDANCE OF JUDGMENT LIEN
## AS A PREFERENTIAL TRANSFER (KOCH JUDGMENT)

44. The Koch Judgment was a "transfer" of an interest of the Debtor in property occurring with 90 days of the commencement of this bankruptcy case.

45. At the time of the transfer, Koch Group Mpls, LLC was a creditor of the Debtor.

46. The Koch Judgment was a transfer on account of an antecedent debt owed by the Debtor to Koch Group Mpls, LLC.

47. The Debtor was insolvent at the time of the Koch Judgment and is deemed to have been insolvent.

48. The Koch Judgment will enable Defendant Palladium, as assignee of the Koch Judgment, to recover more than it would receive as a creditor in this Chapter 7 case.

49 None of the exceptions to the Plaintiff's avoidance powers set forth in 11 U.S.C. §547(c) applies to the Koch Judgment.

50. Pursuant to 11 U.S.C. §547(b), the Koch Judgment is avoidable.

51. Pursuant to 11 U.S.C. §§550 and 551, Plaintiff may avoid the Koch Judgment and preserve the Koch Judgment for the benefit of the bankruptcy estate.

52. Alternatively, Plaintiff is entitled to a judgment against Defendant Palladium in the amount of the value of the transfer.

### COUNT V: AVOIDANCE UNDER 11 U.S.C. §549

53. The Trustee realleges the foregoing paragraphs of this Complaint in their entirety.

54. On or about April 22, 2010, the Koch Judgment was memorialized upon the certificate as Doc. No. 4747638. That memorialization acted as a conveyance of an interest in the North Ridge property. The conveyance of an interest in the North Ridge property effected by the April 22, 2010 Koch Judgment memorialization is a transfer avoidable by the trustee pursuant to 11 U.S.C. §549 and recoverable under 11 U.S.C. §550.

### COUNT VI: DECLARATORY RELIEF

55. The Trustee realleges the foregoing paragraphs of this Complaint in their entirety.

56. The Trustee is entitled to declaratory relief pursuant to Minn. Stat. Ch. 555 determining that any purported redemption from the Koch Judgment by Palladium is without legal effect as said judgment was satisfied.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

1. Avoiding and recovering the Judgment and transfers effected thereby, pursuant to 11 U.S.C. §§547, 549 and 550 and automatically preserving the Judgment and transfers effected thereby, pursuant to 11 U.S.C. §551.

2. Holding that all rights in the real property legally described as:

Lot 15, Block 3, North Ridge Farm, Hennepin County, Minnesota

obtained by the Defendants, as a result of the Judgment and Redemption, are property of the

estate.

3. Entering a monetary judgment against Defendants in the amount of the value of the transfer.

4. Awarding and preserving for the benefit of the bankruptcy estate the Koch Judgment, and its recording on the North Ridge certificate of title, pursuant to 11 U.S.C. §§547, 549, 550 and 551.

5. For judgment on Count VI determining that Palladium's purported redemption from the Koch Judgment is without effect.

6. Awarding Plaintiff his costs and disbursements in this action, and such other or further relief as the Court deems just and equitable.

                  **LEONARD, O'BRIEN**
                  **SPENCER, GALE & SAYRE, LTD.**

Dated: October 12, 2010     By: /e/ Matthew R. Burton
                                      Matthew R. Burton, #210018
                                      100 South Fifth Street
                                      Suite 2500
                                      Minneapolis, Minnesota 55402-1234
                                      (612) 332-1030

                                      Attorneys for Randall L. Seaver, Trustee

425325.2

# Certificate of Title

## Certificate Number: 804148

Transfer From Certificate Number:    796360

Originally registered April 24, 1987 Volume:2345, Certificate No: 698945, District Court No: 19036

State of Minnesota } s.s.    Registration
County of Hennepin

**This is to certify that**

Dennis E. Hecker, whose address is 1615 Northridge Drive', Medina, Minnesota

is now the owner of an estate in fee simple

In the following described land situated in the County of Hennepin and State of Minnesota:

Lot 15, Block 3, North Ridge Farm.

Subject to drainage and utility easements as shown on plat and as contained in the dedication clause thereof;

Subject to and together with a Declaration of Covenants, Conditions, Restrictions, Charges and Liens as contained in Document No. 5004854, office of County Recorder;

Subject to the interests shown by the following memorials and to the following rights or encumbrances set forth in Minnesota statutes chapter 508, namely:
1. Liens, claims, or rights arising under the laws of the Constitution of the United States, which the statutes of this state cannot require to appear of record;
2. Any real property tax or special assessment for which a sale of the land has not been had at the date of the certificate of title;
3. Any lease for a period not exceeding three years, when there is actual occupation of the premises under the lease;
4. All rights in public highways upon the land;
5. Such right of appeal or right to appear and contest the application as is allowed by law;
6. The rights of any person in possession under deed or contract for deed from the owner of the certificate of title;
7. Any outstanding mechanics lien rights which may exist under sections 514.01 to 514.17.

| Memorials | | | | |
|---|---|---|---|---|
| Document Number | Document Type | Date of Registration Month Day, Year Time | Amount ($) | Running in Favor Of |
| 2282725 | Mortgage | Jul 24, 1992 9:00 AM | $400,000.00 | FBS Mortgage Corporation (a NV corp) Minneapolis, MN |
| 2311591 | Assignment of Mortgage | Nov 2, 1992 12:00 PM | | First Wisconsin Trust Company, as Trustee under the Pooling & Servicing Agreement dated September 1, 1992 Series 1992-D 615 E. Michigan Milwaukee, WI Assigns document no(s). 2282725.0 |
| 2410243 | Mortgage | Aug 13, 1993 9:00 AM | $730,000.00 | Norwest Bank Minnesota, National Association St. Paul, MN |
| 2474587 | Power of Attorney | Feb 1, 1994 2:00 PM | | Jean G. Schuldt from Dennis E. Hecker |
| 2474588 | Mortgage | Feb 1, 1994 2:00 PM | $602,000.00 | Norwest Mortgage, Inc. P.O. Box 5137 Des Moines, IA |
| 2480237 | Satisfaction of Mortgage | Feb 14, 1994 12:00 PM | | Walden Leasing, Inc. Satisfies document no(s). 2410243.0 |
| 2536550 | Mortgage | Jul 28, 1994 11:00 AM | $250,000.00 | Firstar Bank of Minnesota, N.A. Arden Hills, MN |
| 2536551 | Certificate and Request for Notice | Jul 28, 1994 11:00 AM | | Firstar Bank of Minnesota, N.A. requests notice re-foreclosure (See Inst) |
| 2864882 | Assignment of Mortgage | Nov 25, 1997 4:00 PM | | Residential Funding Corporation Minneapolis, MN Assigns document no(s). 2474588.0 |
| 3205977 | Satisfaction of Mortgage | Sep 21, 1999 4:00 PM | | Satisfies document no(s). 2536550.0 |

Certificate Number: 804148    This is a non-certified copy    Page 1 of 3

EXHIBIT A

| Memorials | | | | |
|---|---|---|---|---|
| Document Number | Document Type | Date of Registration Month Day, Year Time | Amount ($) | Running in Favor Of |
| 3223971 | Mortgage | Nov 10, 1999 11:00 AM | $250,000.00 | Firstar Bank U.S.A., N.A., 1529 White Oak Drive, City of Waukegan, State of Illinois |
| 3473642 | Mortgage | Dec 17, 2001 1:00 PM | $650,000.00 | Mortgage Electronic Registration Systems, Inc., (a DE corp), P.O. Box 2026, City of Flint, State of Michigan<br>Made by Dennis E. Hecker & Tamitha D. Hecker, hus & wf |
| 3473643 | Mortgage | Dec 17, 2001 1:00 PM | $250,000.00 | GMAC Mortgage Corporation, (a PA corp), 100 Witmer Road, City of Horsham, State of Pennsylvania<br>Mortgage Electronic Registration Systems, Inc., P.O. Box 2026, City of Flint, State of Michigan |
| 3491279 | Certificate of Release of Mortgage | Jan 25, 2002 11:00 AM | | Releases document no(s). 2282725.0 |
| 3503372 | Satisfaction of Mortgage | Feb 15, 2002 4:00 PM | | Satisfies document no(s). 2474588.0 |
| 4161898 | Assignment of Mortgage | Sep 14, 2005 4:00 PM | | U.S. Bank National Association<br>c/o Briggs and Morgan, P.A.<br>2200 IDS Center, City of Minneapolis, State of Minnesota<br>Assigns document no(s). 3223971.0 |
| 4161899 | Amendment of Mortgage | Sep 14, 2005 4:00 PM | | U.S. Bank National Association<br>c/o Briggs and Morgan, P.A.<br>2200 IDS Center, Minneapolis, MN<br>Amending Doc No 3223971. |
| 4383786 | Amendment | May 7, 2007 9:00 AM | | Amends Doc No 1651379 |
| 4638917 | Mechanic's Lien | Apr 30, 2009 12:00 PM | $6,724.45 | Condor Fireplace and Stone Company, (a MN corp)<br>Date of Last Item: Mar 11, 2009 |
| 4704494 | Notice of Pendency and Power of Attorney to Foreclose | Nov 17, 2009 11:06 AM | | The Public<br>Stein & Moore, P.A.<br>Re: Mtge Doc No 3223971 |
| 4721940 | Sheriff's Certificate | Jan 19, 2010 10:59 AM | | U.S. Bank National Association<br>Date of sale Jan. 19, 2010<br>Re: Mtge. Doc No. 3223971<br>Redemption Period: Six months from the date of said sale. |
| 4747121 | Judgment | Apr 20, 2010 3:34 PM | $324,938.72 | New Buffalo Auto Sales, LLC and Maurice J Wagener<br>On int of Monticello Motors LLC and Dennis E Hecker |
| 4747638 | Judgment | Apr 22, 2010 11:00 AM | | Dennis Hecker |
| 4765099 | Notice of Intention to Redeem | Jun 23, 2010 4:00 PM | | The Public. Given by New Buffalo Auto Sales, LLC, (a MN llc)<br>Regarding Sheriff's Certificate document no(s) 4721940 |
| 4768580 | Assignment | Jul 8, 2010 9:31 AM | | Palladium Holdings, LLC<br>301 Clifton Ave<br>Minneapolis, MN<br>Assigns Judgment document no(s) 4747638 |
| 4768581 | Notice of Intention to Redeem | Jul 8, 2010 9:31 AM | | The Public. Given by Palladium Holdings, LLC<br>Regarding Sheriff's Certificate document no(s) 4721940 |
| 4773196 | Bankruptcy | Jul 23, 2010 3:21 PM | | Regarding bankruptcy of Dennis E. Hecker |
| 4773478 | Notice of Lis Pendens | Jul 26, 2010 2:33 PM | | Randall L Seaver, Trustee Leonard, O'Brien Spencer, Gale & Sayre, Ltd.<br>To determine Plantiff's interest in the real estate desc above. |
| 4774099 | Affidavit Regarding Foreclosure | Jul 28, 2010 10:45 AM | | Regarding Foreclosure Sale document no(s) 4747121 |
| 4774100 | Certificate of Redemption | Jul 28, 2010 10:45 AM | $218,025.30 | New Buffalo Auto Sales, LLC<br>Date of Redemption: July 22, 2010<br>Regarding Foreclosure Sale document no(s) 4721940 |
| 4774101 | Quit Claim Deed | Jul 28, 2010 10:45 AM | | Palladium Holding LLC a Minnesota limited liability company<br>301 Cliffton Ave, Minneapolis MN<br>from New Buffalo Auto Sales LLC (a MN llc) |
| 4774102 | Mortgage | Jul 28, 2010 10:45 AM | $320,000.00 | New Buffalo Auto Sales, LLC, (a MN llc)<br>c/o Zappia & LeVahn, Ltd<br>941 Hillwind Rd, Minneapolis MN<br>Made by Palladium Holdings, LLC (a MN llc)<br>No legal given on Mortgage |

| Memorials | | | | |
|---|---|---|---|---|
| Document Number | Document Type | Date of Registration Month Day, Year Time | Amount ($) | Running in Favor Of |
| 4774765 | Certificate of Redemption | Jul 29, 2010 4:09 PM | $561,500.00 | Palladium Holdings, LLC, (a MN llc) Date of Redemption: July 29, 2010 Regarding Foreclosure Sale document no(s) 4721940 |
| 4774766 | Affidavit Regarding Foreclosure | Jul 29, 2010 4:09 PM | | The Public Regarding Foreclosure Sale document no(s) 4721940 |

Indexes Verified through 7/30/2010

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of my office this 1st day of February, 1994.

**R. Dan Carlson**

**Registrar of Titles,**

**In and for the County of Hennepin and State of Minnesota.**

Certificate Number: 804148

This is a non-certified copy

Page 3 of 3

EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

      Debtor.

BKY No. 09-50779

---

Randall L. Seaver, Trustee,

      Plaintiff,

vs.

New Buffalo Auto Sales, LLC,
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener, and Palladium Holdings
LLC,

      Defendants.

ADV No. 10-5027

## ORDER

This case is before the court on the stipulation between Randall L. Seaver, the trustee and New Buffalo Auto Sales, Maurice J. Wagener and Palladium Holdings LLC.

IT IS ORDERED, the parties' stipulation is approved and the trustee may file and serve the Second Amended Adversary Complaint.

Dated: _____

                                                  _____
                                                  United States Bankruptcy Court Judge

428938