UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In Re:  BKY Case No. 09-50779

Dennis E. Hecker

    Debtor.

_____

Randall L. Seaver, Trustee,  ADV No. 10-5027

    Plaintiff

Vs.  **ANSWER OF DEFENDANT**
    **MAURICE J. WAGENER**
New Buffalo Auto Sales, LLC,  **TO SECOND AMENDED COMPLAINT**
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener, and Palladium Holdings
LLC,

    Defendants

_____

    As and for its Answer to the Second Amended Complaint of Randall L. Seaver, Trustee ("Trustee"), Defendant Maurice J. Wagener hereby states and alleges as follows:

    1.    The Defendant admits the allegations in paragraph 1.

    2.    The Defendant admits the allegations in paragraph 2.

    3.    The Defendant lacks sufficient knowledge regarding the allegations in paragraph 3 and therefore denies the same.

    4.    The Defendant lacks sufficient knowledge regarding the allegations in paragraph 4 and therefore denies the same.

    5.    The Defendant admits that Defendant NBAS is owned or controlled by Defendant Maurice Wagener but denies the remaining allegations in paragraph 5.

    6.    The Defendant admits the allegations in paragraph 6.

    7.    The Defendant admits the allegations in paragraph 7.

1

8. The Defendant admits admit the allegations in paragraph 8.

9. The Defendant admits admit the allegations in paragraph 9, except that he affirmatively states that the judgment was obtained on May 7, 2009.

10. The Defendant admits, upon information and belief, the allegations in paragraph 10.

11. The Defendant admits the allegations in paragraph 11.

12. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 12 and therefore denies the same.

13. The Defendant admits, upon information and belief, the allegations in paragraph 13.

14. The Defendant admits, upon information and belief, the allegations in paragraph 14.

15. The Defendant lacks sufficient information regarding the allegations in paragraph 15 and therefore denies the same.

16. The Defendant admits the allegations in paragraph 16, except that they affirmatively state that NBAS redeemed from the U.S. Bank mortgage foreclosure by paying $218,075.30.

17. The Defendant admits that NBAS and Wagener sold their interest in North Ridge to Palladium on or about July 22, 2010 and otherwise denies the allegations in paragraph 17.

18. The Defendant denies that he holds an interest in the North Ridge property.

19. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 19 and therefore denies the same.

20. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 20 and therefore denies the same.

21. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 21 and therefore denies the same.

22. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 22 and therefore denies the same.

23. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 23

and therefore denies the same.

24. The Defendant admits that NBAS and Wagener obtained a judgment against Debtor prior to commencement of this Chapter 7 case, but denies the remaining allegations in paragraph 24.

25. The Defendant admits that NBAS and Wagener were creditors of Debtor, but denies the remaining allegations in paragraph 25.

26. The Defendant admits that there was a debt owed by the Debtor to NBAS and Wagener, but denies the remaining allegations in paragraph 26.

27. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 27 and therefore denies the same.

28. The Defendant denies the allegations in paragraph 28.

29. The Defendant denies the allegations in paragraph 29.

30. The Defendant denies the allegations in paragraph 30.

31. The Defendant denies the allegations in paragraph 31.

32. The Defendant denies the allegations in paragraph 32.

33. Paragraph 33 does not require an answer.

34. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 34 and therefore denies the same.

35. The Defendant admits, upon information and belief, the allegations in paragraph 35.

36. The Defendant denies the allegations in paragraph 36.

37. The Defendant admits that on April 20, 2010, the judgment was filed as document number 4747121, but denies the remaining allegations in paragraph 37.

38. The Defendant denies the allegations in paragraph 38.

39. Paragraph 39 does not require an answer.

40. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 40 and therefore denies the same.

41. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 41 and therefore denies the same.

42. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 42 and therefore denies the same.

43. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 43 and therefore denies the same.

44. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 44 and therefore denies the same.

45. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 45 and therefore denies the same.

46. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 46 and therefore denies the same.

47. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 47 and therefore denies the same.

48. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 48 and therefore denies the same.

49. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 49 and therefore denies the same.

50. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 50 and therefore denies the same.

51. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 51 and therefore denies the same.

52. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 52 and therefore denies the same.

53. Paragraph 53 does not require an answer.

54. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 54 and therefore denies the same.

55. Paragraph 55 does not require an answer.

56. The Defendant lacks sufficient knowledge regarding the allegations in paragraph 56 and therefore denies the same.

**AFFIRMATIVE DEFENSES**

57. Plaintiff fails to state a claim for which relief can be granted.

58. The Court lacks subject matter jurisdiction to render certain decisions that do not involve property of the estate or relate to Debtor's bankruptcy.

59. Plaintiff has abandoned North Ridge.

60. Plaintiff has fully administered North Ridge.

61. Plaintiff has conveyed the interest of the bankruptcy estate in North Ridge.

62. Plaintiff has no standing to bring this action after expiration of Debtor's statutory redemption rights expired.

63. Plaintiff waived any right to claim equity in the North Ridge property when it failed to contest U.S. Bank's motion for relief from the automatic stay or U.S. Bank's allegations that there was no equity in the property.

64. Plaintiff's claims are barred by the doctrines of accord and satisfaction, laches, statute of limitations, estoppels, payment, release, res judicata, and waiver.

65. The North Ridge property had no equity at the time of any alleged transfers to Defendants, and therefore no transfer of estate property occurred.

66. The complaint fails to allege any transfers that diminished the assets of the Debtor's bankruptcy estate.

67. The complaint in this action is an impermissible attack on the Court's order dated January 27, 2010 confirming the transfer of the estate's interest in the North Ridge property to

Ralph Thomas through deed and sale.

68. The mortgage-foreclosure sale and related procedures stemming from the foreclosure of the U.S. Bank N.A. mortgage on the North Ridge property are governed by state law, and this Court lacks jurisdiction to avoid that sale or its consequences.

69. There is no lien or transfer to preserve under 11 U.S.C. § 551.

70. The North Ridge property had no "value," as the term is defined in 11 U.S.C. § 550, attributable to any transfers alleged in Plaintiff's complaint, and therefore no money judgment may be entered against Defendants.

71. If there is any "value," as that term is defined in 11 U.S.C. § 550, that value was created by Defendant and others who would be entitled to a lien against the North Ridge property for the costs incurred in creating that value.

72. Defendant acted in good faith at all times relevant to Plaintiff's complaint.

73. Plaintiff has failed to join an indispensible party.

74. Defendant reserves his right to assert any additional defenses that may be revealed by further investigation or discovery in this matter.

Dated: October 26, 2010                    **MACKALL, CROUNSE & MOORE, PLC**

By /e/ Mychal A. Bruggeman
Mychal A. Bruggeman (#345489)
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402
(612) 305-1400

**ATTORNEYS FOR DEFENDANT MAURICE J. WAGENER**

1307351.1-MAB

<strong>UNITED STATES BANKRUPTCY COURT</strong><br><strong>DISTRICT OF MINNESOTA</strong>

---

| | |
|---|---|
| In re: | Bky No. 50779 |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |

---

| | |
|---|---|
| Randall L. Seaver, Trustee, | |
| Plaintiff, | Adv. No. 10-5027 |
| vs. | |
| New Buffalo Auto Sales, LLC,<br>a Minnesota limited liability company,<br>f/k/a New Buffalo Chrysler, LLC,<br>Maurice J. Wagener, and Palladium Holdings,<br>LLC, | |
| Defendants. | |

---

<strong>UNSWORN DECLARATION FOR PROOF OF SERVICE</strong>

---

<u>Jinah E. Finnes</u>, employed by Mackall, Crounse & Moore, PLC, attorney(s) licensed to practice law in this court, with office address of 1400 AT&T Tower, 901 Marquette Avenue, Minneapolis, MN 55402-2859, declares that on the date set forth below, caused the following documents:

<strong><u>Answer of Defendant Maurice J. Wagener's to Second Amended Complaint</u></strong>

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Mychal A. Bruggeman    mab@mcmlaw.com, tmoratzka@ecf.epiqsystems.com;ldj@mcmlaw.com;mcm_trustee@mcmlaw.com;jef@mcmlaw.com
- Matthew R. Burton    mburton@losgs.com, swood@losgs.com
- William P Wassweiler    wwassweiler@lindquist.com, edaniels@lindquist.com

Dated: October 26, 2010          Signed: /e/Jinah E. Finnes