UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In Re:                                                             BKY Case No. 09-50779

Dennis E. Hecker

        Debtor.

---

Randall L. Seaver, Trustee,                            ADV No. 10-5027

        Plaintiff

Vs.                                                       **AMENDED NOTICE OF MOTION AND MOTION BY MAURICE J. WAGENER FOR SUMMARY JUDGMENT**

New Buffalo Auto Sales, LLC,
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener, and Palladium Holdings
LLC,

        Defendants

---

        1.         Pursuant to Federal Rule of Civil Procedure 56, as incorporated by Bankruptcy Rule 7056, Defendant Maurice J. Wagener hereby moves for summary judgment on Counts I and II of the Trustee's Second Amended Complaint filed in this action.

        2.         The hearing on this motion is scheduled for January 19, 2011, 2:00 p.m., in Courtroom 8 West, 300 S 4th St, Minneapolis, before the Honorable Robert J. Kressel. Any objection to this motion must be filed and served no later than January 14, 2011. IF SUCH OBJECTION IS NOT FILED AND SERVED BY THAT TIME, THE COURT MAY GRANT THIS MOTION WITHOUT FURTHER ACTION.

Dated: December 23, 2010        **MACKALL, CROUNSE & MOORE, PLC**


By /e/ Mychal A. Bruggeman
Mychal A. Bruggeman (#345489)
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402
(612) 305-1400

**ATTORNEYS FOR DEFENDANT MAURICE J. WAGENER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | BKY Case No. 09-50779 |
| Dennis E. Hecker | |
| Debtor. | |

| | |
|---|---|
| Randall L. Seaver, Trustee, | ADV No. 10-5027 |
| Plaintiff | |
| Vs. | **AFFIDAVIT OF MAURICE J. WAGENER** |
| New Buffalo Auto Sales, LLC, a Minnesota limited liability company, f/k/a New Buffalo Chrysler, LLC, Maurice J. Wagener, and Palladium Holdings LLC, | |
| Defendants | |

STATE OF MINNESOTA   )
                     ) ss.
COUNTY OF HENNEPIN   )

I, Maurice J. Wagener, make this Affidavit to the best of my knowledge and recollection:

1. I have reviewed the facts set forth in the memorandum of fact and law submitted by New Buffalo Auto Sales, LLC ("NBAS"), and hereby state those facts set forth in that memorandum are true to the best of knowledge and recollection.

2. I am the majority owner of NBAS.

3. In addition, I was not initially aware of, nor did I direct, the registration of a judgment, which had been previously entered in my favor against Dennis Hecker, to his

residence, which has been referred to as the Northridge Property in this litigation. The NBAS judgment was never transferred to another entity or person.

4. I did not file a notice of intent to redeem the Northridge Property and I, individually, received no proceeds or property from the judgment registration against the Northridge Property.

FURTHER YOUR AFFIANT SAITH NOT

Maurice J. Wagener

Subscribed and sworn to before me this
22 day of December, 2010.

NOTARY PUBLIC

Amy E Chaput
Notary Public - Minnesota
My Comm Exp 01/31/2012

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re: BKY Case No. 09-50779

Dennis E. Hecker

    Debtor.

Randall L. Seaver, Trustee,     ADV No. 10-5027

    Plaintiff

Vs.

New Buffalo Auto Sales, LLC,
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener, and Palladium Holdings LLC,

    Defendants

**MEMORANDUM OF FACT AND LAW BY MAURICE J. WAGENER IN SUPPORT FOR SUMMARY JUDGMENT**

    Defendant Maurice J. Wagener submits this memorandum of fact and law in support of his motion for summary judgment of counts I and II in this adversary proceeding.

**SUMMARY OF FACTS**

    In support of its motion for summary judgment, Wagener adopts the facts set forth in the motion submitted by New Buffalo Auto Sales, LLC (see Docket Entry #27) in full. In addition, Wagener wishes to emphasize, through the attached sworn affidavit, that although the judgment against Dennis Hecker became registered post-petition in his name as a judgment creditor against the Northridge Property, that he had no knowledge of such an act at the time, nor did he direct the registration. In addition, unlike other defendants in this action, Wagener did not file a notice of intent to redeem against the Northridge Property. Therefore, he lost any interest in the

1

Northridge Property and received no property or proceeds from the registered judgment against the Northridge Property.

## SUMMARY OF LAW

Wagener also adopts the legal arguments and authorities set forth by NBAS in its motion for summary judgment. Specifically, Wagener argues: (1) the pre-petition entry of the judgment against Hecker was not a transfer of "property of the estate" and is not an avoidable preference under 11 U.S.C. § 547; (2) the trustee administered and abandoned the Northridge Property prior to the post-petition registration of the judgment, and therefore the Northridge Property was not "property of the estate" at that time; (3) Wagener did not receive any property that would constitute a transfer under 11 U.S.C §§ 547 or 549; and (4) the registered judgment had no value, and thus there is no property or value to recover for the "benefit of the estate," under 11 U.S.C. § 550(a), as well under the authorities cited by NBAS including, *In re Sickels*, 392 B.R. 423 (Bankr. N.D. Iowa 2008); *In re Schwartz*, 383 B.R. 119 (8th Cir. 2008); *In re Int'l Ski Services, Inc.*, 119 B.R. 654 (Bankr. W.D. Wis. 1990); *In re McLaughlin*, 183 B.R. 171 (Bankr. W.D. Wis. 1995); *In re Pearson Industries, Inc.*, 178 B.R. 753 (Bankr. C.D. Ill. 1995); and *In re Joing*, 82 B.E. 500 (Bankr. D. Minn. 1987).

Therefore, Defendant Maurice J. Wagener respectfully requests the court grant summary judgment in its favor and dismiss all counts applicable to Wagener in the Second Amended Complaint.

Dated: December 23, 2010    **MACKALL, CROUNSE & MOORE, PLC**

By /e/ Mychal A. Bruggeman
Mychal A. Bruggeman (#345489)
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402
(612) 305-1400

**ATTORNEYS FOR DEFENDANT MAURICE J. WAGENER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In Re:     BKY Case No. 09-50779

Dennis E. Hecker

       Debtor.
_____

Randall L. Seaver, Trustee,     ADV No. 10-5027

       Plaintiff

Vs.

New Buffalo Auto Sales, LLC,
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener, and Palladium Holdings
LLC,

       Defendants
_____

UNSWORN DECLARATION FOR PROOF OF SERVICE
_____

    <u>Jinah E. Finnes</u>, employed by Mackall, Crounse & Moore, PLC, attorney(s) licensed to practice law in this court, with office address of 1400 AT&T Tower, 901 Marquette Avenue, Minneapolis, MN 55402-2859, declares that on the date set forth below, caused the following documents:

**Amended Notice of Motion and Motion by Maurice J. Wagener for Summary Judgment**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Mychal A. Bruggeman    mab@mcmlaw.com, tmoratzka@ecf.epiqsystems.com;ldj@mcmlaw.com;mcm_trustee@mcmlaw.com;jef@mcmlaw.com
- Matthew R. Burton    mburton@losgs.com, swood@losgs.com
- William P Wassweiler    wwassweiler@lindquist.com, edaniels@lindquist.com;dschwartz@lindquist.com;cfunk@linquist.com

Dated: December 23, 2010        Signed: <u>/e/Jinah E. Finnes</u>

1330632.1-JEF

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | BKY Case No. 09-50779 |
| Dennis E. Hecker | |
| Debtor. | |
| Randall L. Seaver, Trustee, | ADV No. 10-5027 |
| Plaintiff | |
| Vs. | **ORDER** |
| New Buffalo Auto Sales, LLC,<br>a Minnesota limited liability company,<br>f/k/a New Buffalo Chrysler, LLC,<br>Maurice J. Wagener, and Palladium Holdings<br>LLC, | |
| Defendants | |

The matter came before the court on January 19, 2011, on the motion by Maurice J. Wagener for summary judgment and dismissal of all counts alleged against him (Counts I and II) in the Second Amended Complaint filed by the trustee in this adversary proceeding. The court considered the undisputed facts submitted by Wagener, as well as co-defendants New Buffalo Auto Sales, LLC, and Palladium Holdings, LLC, and the arguments of counsel. Based on the record the court orders:

Dated:_____

                                                        _____
                                                        Robert J. Kressel
                                                        United States Bankruptcy Judge