UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky. File No. 09-50779-RJK |
| Dennis E. Hecker | |
| Debtor. | |

| | |
|---|---|
| Randall L. Seaver, Trustee, | Adv. File No. 10-5027-RJK |
| Plaintiff, | |
| vs. | |
| New Buffalo Auto Sales, LLC, f/k/a Buffalo Chrysler, LLC, Maurice J. Wagener, and Palladium Holdings, LLC, | |
| Defendants. | |

**RESPONSE TO MOTION FOR SUMMARY JUDGMENT
OF PLAINTIFF RANDALL L. SEAVER, TRUSTEE**

Defendants New Buffalo Auto Sales, LLC and Palladium Holdings, LLC file this Response to the Motion for Summary Judgment of Plaintiff Randall L. Seaver, Trustee.

**INTRODUCTION**

The Trustee's attempt to avoid the transactions at issue and to collect damages from NBAS and Palladium in this case is akin to trying to fit a square peg into a round hole. For a host of reasons outlined in NBAS and Palladium's memorandum in support of their motion, none of the events giving rise to the Trustee's claims constitute transfers of property for which the Trustee may recover under 11 U.S.C. § 550: the prepetition judgments did not effect any transfer of property because Northridge is Torrens property; the postpetition filing of the

judgment liens against Northridge did not transfer property of the estate because the Trustee had already abandoned Northridge by that time; and further, the liens simply had no value because Northridge was "under water" by millions of dollars. The Trustee, however, glosses over these facts and attempts to blur the lines between the entry of the judgments, the filing of the judgment liens, and the subsequent redemption from U.S. Bank's mortgage foreclosure.

Just as the Trustee is vague on the actions that allegedly constituted avoidable transfers, he is equally vague on what he aims to accomplish and ultimately recover with this lawsuit. Although he placed a notice of lis pendens on the certificate of title for Northridge on July 26, 2010, the Trustee has thus far failed to articulate any legitimate means through which he could recover title to Northridge. Absent a valid argument for why title to Northridge is recoverable under § 550, the Trustee is committing slander of title for which NBAS and Palladium may seek damages.

Accordingly, as discussed below, the Trustee's claims cannot succeed as a matter of law and must be dismissed; further, the Court should require the Trustee to state whether he believes Northridge is recoverable and to explain his complete rationale for his position.

**ARGUMENT**

**I.      The prepetition judgments against Hecker were not "transfers" because Northridge, as Torrens property, was unaffected.**

The Trustee first argues in his motion that both the NBAS judgment and the Koch Group judgment obtained against Hecker prepetition (which he presumptuously refers to as the "Wagener Prepetition Transfer" and the "Koch Prepetition Transfer") constituted preferential transfers under 11 U.S.C. § 547. But this entire argument rests on a false premise: that the judgments were "unperfected liens" that were "deemed, by law, to have been perfected

immediately prior to the commencement of [Hecker's] bankruptcy case" under 11 U.S.C.
§ 547(e)(2)(C).[1] Section 547(e), however, has no effect on this case.

Section 547(e) provides, in relevant part, as follows:

> (1) For the purposes of this section—
>
>> (A) a transfer of real property . . . is perfected when a bona fide purchaser of such property from the debtor . . . cannot acquire an interest that is superior to the interest of the transferee;
>>
>> . . .
>
> (2) For the purposes of this section, . . . a transfer is made—
>
>> (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time . . .;
>>
>> (B) at the time such transfer is perfected, if such transfer is perfected after such 30 days; or
>>
>> (C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—
>>
>>> (i) the commencement of the case; or
>>>
>>> (ii) 30 days after such transfer takes effect between the transferor and the transferee.[2]

In other words, § 547(e) determines the date on which a "transfer" of real property is deemed to have occurred based upon when and whether the transfer is "perfected."

The Trustee, without further elaboration, asserts that § 547(e)(2)(C) applies to the "unperfected liens" that he claims arose when NBAS and Koch Group obtained judgments against Hecker. The Trustee apparently assumes that a "transfer" occurred—that liens became effective—as to Northridge immediately upon the entry of judgment in state district court. But Northridge is Torrens property, not abstract property, and Minnesota's Torrens Act

---

[1] Trustee Mem. (D.E. 24) 7–9.
[2] 11 U.S.C. § 547.

unambiguously states that "[n]o judgment requiring the payment of money shall be a lien upon registered land, except as herein provided."[3] Because neither of the judgments was filed with the Hennepin County Registrar of Titles until April 2010, neither of the judgments was a lien—unperfected or otherwise—against Northridge until April 2010.

The Trustee apparently relies on § 547(e)(2)(C) because he mistakenly believes that a "transfer" occurred between NBAS and Hecker, and between Koch Group or Palladium and Hecker, in April and May 2009 when judgments were entered against Hecker. Accordingly, the Trustee reasons, the "transfer" was not "perfected"—the liens not filed—until more than 30 days after the transfer between each of the Defendants and Hecker, and therefore the "transfer" is deemed to have occurred immediately before the filing of Hecker's bankruptcy petition.[4] But as already discussed above, this was not what happened under Minnesota law. Based upon the Torrens Act, judgment liens take effect against both owners and bona fide purchasers at the same time: when they are filed with the Registrar of Titles. Section 547(e)(2)(A) therefore dictates that any "transfers," to the extent they could be deemed such, took place at the time of filing with the Registrar of Titles in April 2010.

For these reasons, the Court must reject the Trustee's argument that, by obtaining prepetition judgments against Hecker, NBAS and Palladium (through Koch Group) "obtained an unperfected lien on real property of the Debtor."[5] And as previously addressed in NBAS and Palladium's motion, when the mere procurement of a judgment has no effect on the judgment debtor's property, it does not constitute a transfer within the meaning of the Bankruptcy Code

---

[3] Minn. Stat. § 508.63. The statute goes on to provide that a judgment only becomes a lien on registered Torrens property when a certified copy of the judgment and an accompanying statement are filed with the registrar of titles.
[4] 11 U.S.C. § 547(e)(2)(C).
[5] Trustee Mem. 7, 9.

4

and is not avoidable as a preference.[6] Similarly, because NBAS and Palladium remained unsecured creditors after entry of the judgments, those judgments did nothing, contrary to the Trustee's assertions, to "enable [them] to receive more than [they] would receive" as other unsecured creditors in Chapter 7 proceedings.

## II. The postpetition filing of the judgment liens against Northridge did not effect a transfer of estate property because the Trustee had already abandoned it.

The Trustee asserts in his motion that the filing of the NBAS and Koch Group judgments as liens against Northridge amounted to avoidable transfers of property of the bankruptcy estate under 11 U.S.C. § 549.[7] But as thoroughly discussed in NBAS and Palladium's memorandum in support of their motion for summary judgment, Northridge was no longer property of the estate in April 2010 because the Trustee had abandoned it.[8] Accordingly, the liens are not avoidable transfers.

Further, contrary to the Trustee's arguments, NBAS and Palladium agree that the validity or invalidity of the Trustee's deed to Northridge that he gave Ralph Thomas in early 2010 is irrelevant to this case. Rather, the only significant facts relating to the Trustee's deed and the motion to this Court that preceded it are these:

- the Trustee concluded Northridge did not have any value for the estate;[9]
- the Trustee sought and received the Court's approval to dispose of Northridge and fulfilled all of the abandonment requirements of § 554 and applicable rules;[10] and

---

[6] *See Matter of Lucasa Intern., Ltd.*, 14 B.R. 980, 981 (Bankr. S.D.N.Y. 1981); *see also In re Mason*, 69 B.R. 876, 881 (Bankr. E.D. Pa. 1987) ("It does not seem logical to us that the entry of a judgment, or even the entry of a court order requiring payment of a debt as of a date certain, can constitute a transfer of all interests of the Debtor . . . We believe that only the payment itself constitutes a transfer.").
[7] As a factual matter, the Trustee is incorrect in asserting that NBAS or Wagener filed the NBAS judgment against Northridge. *See* Wagener Aff. ¶ 3.
[8] Defs.' Mem. (D.E. 27) 9–11.
[9] Vehrs Aff. (D.E. 27) Ex. A at 6:12–6:19.
[10] Case No. 09-50779 D.E. 359, 372.

5

- even after discovering that the deed to Thomas remained unfiled and the source of the funds for the related settlement had been misrepresented, the Trustee continued to assert—consistent with his abandonment—that Northridge was no longer property of the estate.[11]

The filing of the NBAS and Koch Group judgment liens against Northridge in April 2010 therefore did not constitute transfers of "property of the estate."

## III. The Trustee may not recover from NBAS and Palladium under § 550 because they were good-faith transferees.

Pursuant to 11 U.S.C. § 550(b), the Trustee may not recover from NBAS or Palladium because they were good-faith transferees without knowledge of the potential voidability of the transactions at issue. The Trustee wrongly assumes that the good-faith defense cannot apply here because NBAS and Palladium, he alleges, "knew that Hecker was in Chapter 7 bankruptcy and that Northridge was where the Debtor was residing."[12] But § 550(b) does not require knowledge of the bankruptcy; it requires knowledge of the voidability of the transfer.[13] In light of the Trustee's motion to the Court in January 2010 seeking to dispose of Northridge, NBAS and Palladium had notice that the Trustee had abandoned Northridge for the estate's purposes.[14] Indeed, Wagener himself is listed in the Trustee's motion papers as having received actual notice of the motion and hearing.[15] As a result, the Trustee may not recover from Defendants under § 550(a).

---

[11] Vehrs Aff. (D.E. 27) Ex. A at 14:7–17:11; 43:25–45:5.
[12] Trustee Mem. 16.
[13] 11 U.S.C. § 550(b).
[14] Case No. 09-50779 D.E. 359, 372.
[15] *Id.* D.E. 359.

**IV. There is no "property" or "value" for the Trustee to recover under § 550.**

In an apparent effort to further blur the lines between the various events underlying this lawsuit, the Trustee argues that he should be entitled to a money judgment against NBAS of $400,000, in addition to a money judgment against Palladium of $813,263.00.[16] In the process, the Trustee loses sight of the limitations on his ability to collect any damages under § 550. Specifically, because the liens themselves (the "property" allegedly transferred) no longer exist, the Trustee would be limited to "the value of such property" if he had any viable claims against NBAS and Palladium under § 549.[17] But for the reasons already discussed in NBAS and Palladium's motion, the Trustee is not entitled to any damages: the liens had no value at any time that they existed because Northridge was heavily over-encumbered with mortgages and a federal tax lien;[18] whatever "value" may have later arisen never belonged to the estate, but rather to U.S. Bank or junior lienholders who did not redeem from the mortgage foreclosure;[19] and any possible judgment would amount to a windfall inconsistent with, as the Trustee also cites, "the well-established purpose of § 550, to restore the estate to the position it would have occupied had the property not been transferred."[20]

The Trustee also argues creatively that because the NBAS judgment and the subsequent judgment lien are arguably avoidable, the result is "to bring [NBAS's] interest into the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(3)," and to allow the Trustee to recover the amount that NBAS later received for Northridge from Palladium.[21] This argument is fatally flawed. If it is determined that there was an avoidable transfer under § 547 or § 549, the Trustee

---

[16] This number is apparently based on an unsolicited offer the Trustee recently received by email from a local bankruptcy lawyer on behalf of an undisclosed client. This highly suspect offer cannot possibly form the basis for any legitimate analysis in this lawsuit.
[17] 11 U.S.C. § 550(a).
[18] Defs.' Mem. 12–13.
[19] *Id.* 13–15; *see also In re Pearson Inds., Inc.*, 178 B.R. 753, 767 (Bankr. C.D. Ill. 1995).
[20] Trustee Mem. 19 (citing *In re Brun*, 360 B.R. at 674); *see* Defs.' Mem. 16–17.
[21] Trustee Mem. 18.

7

may then recover only "the property transferred" or "the value of such property."[22] If the Trustee recovers any property or value under § 550, the "interest in property that the trustee recovers" under § 550 can then become property of the estate under § 541(a)(3). Contrary to the Trustee's argument, nothing in the Code permits him to bypass the limitations of § 550 and to insert references to avoidable transfers under §§ 547 or 549 directly into the language of § 541(a)(3).[23] And as already discussed, because the liens had no value, there is nothing for the Trustee to recover under § 550 and to bring within the scope of estate property under § 541(a)(3).[24]

Notably ambiguous in the Trustee's motion is the issue of whether he intends to seek recovery of the Northridge property itself through this case. If Northridge is not within the scope of his intended recovery, then the Trustee, by filing and failing to discharge a notice of lis pendens against Northridge, is committing intentional slander of title for which NBAS and Palladium may seek damages against the Trustee.[25] If Northridge is within the scope of what the Trustee wishes to recover, he has failed to state any basis on which he might conceivably have the right to do so. The "property" that was transferred to NBAS and Palladium, allegedly in violation of the Code, consisted of judgments and judgment liens, not Northridge itself. By operation of law, on July 19, 2010 at the end of Hecker's period for redemption, Northridge became property of U.S. Bank—whose motion for relief from stay was never opposed by the Trustee—and neither Hecker nor the Trustee had any further interest in it. When NBAS redeemed, it acquired Northridge from U.S. Bank, not from the bankruptcy estate. Because the

---

[22] 11 U.S.C. § 550.
[23] The Trustee similarly asserts that the payment and mortgage NBAS received from Palladium are "proceeds of estate property" under § 541(a)(6) and therefore also recoverable. What the Trustee is attempting to do, however, is to draw a line in the sand at the first possible date of an alleged avoidable "transfer," and to dictate that all money that exchanges hands after that time become estate property under § 541. As discussed above, this is not what the Code provides for.
[24] *See In re Pearson Inds., Inc.,* 178 B.R. 753, 767 (Bankr. C.D. Ill. 1995).
[25] *See Brickner v. One Land Dev. Co.*, 742 N.W.2d 706, 711 (Minn. App. 2007)

Trustee has no grounds for avoiding the transfer of Northridge to U.S. Bank as the "initial transferee," it similarly may not recover Northridge from NBAS or Palladium, as the "immediate or mediate transferees of such initial transferee."[26] The Court should therefore require that the Trustee either discharge his notice of lis pendens against Northridge or spell out in plain terms why he believes Northridge is potentially recoverable under § 550.

## CONCLUSION

For the reasons discussed above and in NBAS and Palladium's motion for summary judgment, Defendants respectfully request entry of judgment in their favor dismissing the Trustee's claims in their entirety.

DATED: January 7, 2011  **LINDQUIST & VENNUM PLLP**

By /s/ William P. Wassweiler
William P. Wassweiler (#232348)
wwassweiler@lindquist.com
James M. Lockhart (#176746)
jlockhart@lindquist.com
Karla M. Vehrs (#0387086)
kvehrs@lindquist.com
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)

**ATTORNEYS FOR NEW BUFFALO AUTO SALES, LLC AND PALLADIUM HOLDINGS, LLC**

---

[26] 11 U.S.C. § 550(a).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                     Bky. File No. 09-50779-RJK

Dennis E. Hecker

        Debtor.

Randall L. Seaver, Trustee,                                Adv. File No. 10-5027-RJK

        Plaintiff,

vs.

New Buffalo Auto Sales, LLC, f/k/a Buffalo
Chrysler, LLC, Maurice J. Wagener, and Palladium
Holdings, LLC,

        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2011, I caused the following document:

**Response to Motion for Summary Judgment of Plaintiff Randall L. Seaver, Trustee**

to be filed electronically with the Clerk of Court through ECF and that the above document will be delivered by automatic e-mail notification pursuant to ECF and this constitutes services or notice pursuant to Local Rule 9006-1(a)

Dated: January 7, 2011              /e/ Erin Daniels
                                    Erin Daniels
                                    Lindquist & Vennum PLLP
                                    80 South 8th Street
                                    Suite 4200
                                    Minneapolis, MN 55402
                                    (612) 371-3211