# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                          BKY No. 09-50779

Dennis E. Hecker,

        Debtor.

_____

Randall L. Seaver, Trustee,
                                          Adv. No.:  10-5027

        Plaintiff,

vs.                                                  **TRUSTEE'S RESPONSE TO DEFENDANTS'**
                                          **MOTIONS FOR SUMMARY JUDGMENT**

New Buffalo Auto Sales, LLC,
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener and Palladium Holdings
LLC,

        Defendants.

_____

## <u>INTRODUCTION</u>

      This Response is submitted in response to the Defendants' motions for summary judgment and in support of Plaintiff's motion for summary judgment.  As each party has moved for summary judgment on the same set of undisputed facts, summary judgment in favor of the Plaintiff is appropriate.

      As will be demonstrated herein, Defendants' arguments focus on facts irrelevant to these proceedings and, therefore, their analysis is fatally flawed.

# ARGUMENT

## 1. THE ENTITIES OF THE PRE-PETITION JUDGMENTS WERE "TRANSFERS"

Defendants argue that no avoidance claims exist under 11 U.S.C. §547 because entry of their state court judgments did not constitute "transfers" within the meaning of the Bankruptcy Code. The Defendants are mistaken.

The Defendants' entire argument with respect to §547 is premised upon their assertion that it is <u>only</u> the "creation of a lien" that could constitute a transfer under the Bankruptcy Code. Their argument, then, is that because Northridge is Torrens property, entry of the two judgments within the 90 days prior to Hecker's filing, did not constitute "transfers" because they were not memorialized upon the certificate of title for Northridge. However, that argument makes sense only if it is solely the "perfection of a lien" that can constitute a transfer under the Bankruptcy Code. That is not the case. A "transfer" under the Bankruptcy Code is defined as:

> every mode, direct or indirect, absolute or condition, voluntary or involuntary, of disposing of or parting with property or an interest in property, including retention of title as a security interest.

11 U.S.C. §101(54).

Entry of the judgments served as "transfers" under the Bankruptcy Code. Entry of the judgments served to transfer to the judgment holders the right to perfect a judgment lien against Northridge. Prior to the entry of the judgments, the Defendants had no right to perfect a lien against Northridge. How did they obtain the right to perfect a lien? It was through entry of the judgments which served to transfer those rights to the Defendants. In the absence of the judgments, the

Defendants had no right to perfect liens against Northridge, and so it was through entry of the judgments that such a right was transferred to them.[1]

Avoidance, by a trustee, of a prepetition lien, which is unperfected, is common under the Bankruptcy Code. Avoidance of such liens is specifically provided for by 11 U.S.C. §547(e)(2)(C) which states that a transfer is deemed to be made:

> (C)  immediately before the date of the filing of the petition, if such transfer is not perfected at the later of –
>       (i) the commencement of the case . . .

Therefore, pursuant to 11 U.S.C. §547(e)(2)(C), the judgments were deemed to be perfected immediately prior to filing and may be avoided by the Trustee and recovered for the benefit of the bankruptcy estate.

### 2.        THERE WAS NO ABANDONMENT OF NORTHRIDGE

The majority of Defendants' arguments relative to 11 U.S.C. §549 are contingent upon a non-existing fact --- the supposed "abandonment" of Northridge by the Trustee.

Defendants' argue that, because the Trustee received authorization from the Court to sign a quitclaim deed in favor of Ralph Thomas (which, if recorded, would have transferred the estate's interest in Northridge to Ralph Thomas), the Trustee "abandoned" Northridge under 11 U.S.C. §554. Based upon this non-existent "abandonment," Defendants then argue that, because the property was "abandoned," the estate no longer had any interest in Northridge and, therefore, §549 is inapplicable.

The Trustee did, through filing and service of a notice of a settlement, seek authorization to deliver a deed to Ralph Thomas or his assign. That settlement was approved.  The Northridge deed

---

[1] See, *Souleles v. Saxon Paint and Home Care Centers, Inc.*, 1992 W.L. 330391 (N.D. Ill. 1992) (Plaintiff had an *unperfected interest* in defendant's real property because plaintiff did not register his right to use defendant's real property under the Illinois Torrens Act.)

was signed by the Trustee and delivered to Attorney William Skolnick (who, at the time, represented Mr. Thomas in addition to the Debtor).

No "notice of abandonment" under §554 was ever filed by the Trustee. Had the Trustee sought to "abandon" Northridge, of course, any interested party could have objected to the abandonment. This Court never approved "abandonment" of Northridge. Abandonment pursuant to §554(a) or (b), according to Federal Rule of Bankruptcy Procedure 6007, requires notice, a hearing, and an order of the court authorizing the abandonment. *In re Reed*, 940 F.2d 1317, 1321 (9th Cir. 1991); *In re Hyman*, 123 B.R. 342, 348 (9th Cir. B.A.P. 1991). Defendants' argument asserting court approval of an abandonment of Northridge has no basis in fact and lacks merit.

### 3. THERE WAS NO "TRANSFER" TO RALPH THOMAS

Ironically, although Defendants argue that there was a transfer of Northridge to Ralph Thomas, the ability of the Defendants to redeem in this case is dependent solely upon the fact that there was not a transfer of Northridge to Ralph Thomas.[2]

Defendants were able to memorialize liens on Northridge post-petition only because the deed signed by the Trustee in favor of Ralph Thomas was not recorded prior to memorialization of the liens. Had the Thomas deed been recorded, Defendants would not have been able to subsequently memorialize their liens against the certificate (because ownership would then have been in Ralph Thomas and these Defendants held no judgment liens against Mr. Thomas).

Defendants' argument that Northridge was transferred to Thomas is fatally flawed because (1) Ralph Thomas does not acknowledge that any transfer took place; and (2) the deed was not memorialized, so, as a matter of law, no transfer took place. Minn. Stat. §508.25.[3] A transfer of a

---

[2] The Trustee believes that the "Ralph Thomas issues" are immaterial to these motions.
[3] Defendants are estopped from so arguing because they used the lack of such a transfer to memorialize their liens.

deed requires delivery and acceptance. See, *In re Bidwell*, 326 B.R. 759 (Bankr. D. Minn. 2005). While acceptance is normally presumed, in this case, Ralph Thomas specifically disclaimed the transfer and, thus, no transfer occurred. *Id.*, at 766.

### 4. AT THE TIME THE LIENS WERE MEMORIALIZED, THE ESTATE HELD AN INTEREST IN NORTHRIDGE.

Despite the fact that the Defendants were aware of the Hecker bankruptcy filing,[4] they memorialized their liens, post-petition, on the Northridge certificate of title. Defendants elected to do so despite the status of title (i.e., the certificate of title evidencing an interest nominally in the name of the Debtor but being property of the estate).

There is no question as to the "value" of those post-petition transfers. One has only to look at the undisputed facts in this case which are as follows:

    a.  As a result of the post-petition transfer through lien memorialization, New Buffalo and Wagener, which together had a $325,000 judgment, are receiving payment of $400,000.

    b.  Defendant Palladium is seeking to obtain the equity generated by the difference between their outlay ($625,000) and the value of Northridge (which is believed to have a value in excess of $900,000).

Defendants position as to 11 U.S.C. §549 is nonsensical and indefensible. There was never an abandonment by the Trustee of his interest in Northridge. The argument propounded by Defendants is the proverbial "red herring" and evidences a lack of recognition of a chapter 7 trustee's avoiding powers. The Trustee is seeking to recover the <u>Defendants' interests</u> by way of this action and to bring those interests into the bankruptcy estate.

However, there is one other fact that cannot be ignored as to the Koch judgment. That is, on July 20, 2010, the Koch judgment, by court order, was deemed satisfied. Burton Aff. Ex. A.

---

[4] Defendants do not dispute such knowledge nor could such a denial be credible.

Therefore, when the purported redemption was made by Palladium through assignment of the Koch judgment, there was no longer any judgment because the judgment has been satisfied on July 20, and the purported redemption did not occur until July 29, 2010, more than a week after the judgment had been satisfied. The purported redemption per the Koch judgment is simply a sham and is meaningless.

## 5. PALLADIUM RECEIVED A TRANSFER FROM NBAS, WAGENER AND KOCH

Defendants argue that Palladium is not an immediate or immediate transferee and that, therefore, Count III of the Second Amended Complaint fails. They are wrong.

The analysis of Palladium being an immediate or mediate transferee is simple. Palladium did not ever have its own claim against the Debtor. It entered into transactions with NBAS, Wagener and Koch wherein Palladium took an assignment of those positions. Those assignments are evidenced on the Certificate of Title. Clearly, knowing of the bankruptcy and seeking an opportunity for profit, Palladium engaged into transactions with others and took over their positions. While the nominal interest of record may not have changed, the ownership of the position did change.

Palladium is clearly the recipient of transfers and was not acting in good faith (as it had knowledge of the bankruptcy case).

## 6. DEFENDANTS ALL HAD KNOWLEDGE OF THE HECKER BANKRUPTCY FILING.

On January 19, 2010 a sheriff's certificate was recorded on the Northridge title certificate. That document included a copy of the U.S. Bank stay relief order entered by this Court on September 28, 2009. Burton Affidavit, Exhibits D and E. The notice requirement of 11 U.S.C. §544(c) was satisfied both by the January 19, 2010 filing and the July 23, 2010 filings against the

certificate. Additionally, a lis pendens giving notice of this avoidance action was filed on the Northridge certificate on July 26, 2010. Defendants also had actual notice.

Accordingly, the Defendants have no defense to avoidance, and no lien rights under either §549(c) or 550(e).

## 7. THE TRUSTEE IS ENTITLED TO RECOVERY UNDER 11 U.S.C. §550.

Similar to the Defendants' "abandonment" argument, which relies upon a non-existent fact, the Defendants' argument that recovery is not possible under §550 relies upon non-existent law.

Specifically, the Defendants argue that the Trustee's recovery under §550 is limited solely to the "value" at the time the transfer was made. However, §550 actually states as follows:

(a)      Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549 and 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property from –
      (1)      The initial transferee of such transfer or the entity for whose benefit such transfer was made; or
      (2)      Any immediate or mediate transferee of such initial transferee.

As can be seen, §550 does not state that the value recoverable by the Trustee is limited to the value at the precise moment of transfer. It is not. The Trustee is entitled to recover the transfer or the value of the transfer and, if the value of that transfer has appreciated since that time of transfer, the trustee is entitled to recover the appreciation for the benefit of the estate. *In re Brun*, 360 B.R. 669 (Bankr. C.D. Cal. 2007).

Similarly, other courts addressing the issue have held that any post-transfer appreciation accrues for the benefit of the estate. *In re Seitz*, 400 B.R. 707 (Bankr. E.D. Mo. 2008).

**A.**  **Recovery of transfers avoided under §549.**

Even if there were a statutory requirement of a quantified "value" at the time of transfers, that there was "value" at the time the liens were memorialized is obvious. If there had been no "value," these Defendants would not have bothered memorializing the liens, and, if there had been no "value" this adversary proceeding would not be before this Court. The fact that the value had not yet been quantified at the time of transfer does not mean that value was nonexistent.

An appropriate analogy is that of a lottery ticket. Assume that a debtor purchased a lottery ticket prepetition. Then, assume that a creditor seized the lottery ticket post-petition, without bankruptcy court authorization. Then, assume the lottery ticket later became a winning ticket, with $100,000,000 to be paid on that ticket. If the trustee in that hypothetical case sought to recover the value, and these Defendants' logic was followed, there would be no recovery because, after all, the lottery ticket had no "value" at the time of transfer; rather, the "value" arose when it subsequently became the winning lottery ticket. Under such an analysis, the recipients of the unauthorized transfer would receive an enormous amount of money as a result of their actions. That is precisely what §549 and §550, working in conjunction, are designed to avoid.

Defendants rely on the case of *In re Pearson Industries, Inc.*, 178 B.R. 753 (C.D. Ill. 1995) for the proposition that the Trustee may not make a recovery pursuant to 11 U.S.C. §550. Again, Defendants are wrong.

*Pearson* dealt with the Trustee seeking to avoid a transfer of chattel which was subject to a secured creditor's lien. For instance, the debtor could have transferred widgets that were subject to X Bank's lien. The court held that, "In summary, where a secured creditor has an independent claim against a third party to recover property transferred by a debtor to a third party, that claim will not be cut off by a trustee's exercise of the Code's avoiding powers to recover the property and will have

8

priority over a trustee's claim to the property arising out of the exercise of the avoiding powers." *Id.,* at 764. That is not what is in play in this case. The transfers at issue here are not subject to a third party's lien.

**B.      Recovery of transfers avoided under §547.**

For the same reasons, the transfers avoided under §547 are also recoverable under §550.

The statutory language of §549 serves to highlight the policy that any post-transfer appreciation is property of the bankruptcy estate. That is because §547 transfer avoidance, is determined <u>not</u> by what has been lost to the estate, but rather is determined by what the creditor has received. So, if a creditor receives a transfer that results in the creditor receiving more, as a result of the transfer than the creditor would in the Chapter 7, the transfer is avoidable. The test is <u>not</u> whether the estate receives less as a result of the transfer. This approach is consistent with the estate recovering value derived from appreciation under §550.

In this case, the Trustee is seeking to avoid the transfers to each Wagener, NBAS and Palladium. No other party can seek to avoid those claims. What the Defendants are really saying is that, at the time of the avoidable transfers there appeared to be no equity in their positions and, therefore, the Trustee cannot make a recovery. However, as cited in the Trustee's initial memorandum, to limit the Trustee to a recovery that is capped at the transfer date value would punish the estate and its creditors by depriving them of the appreciation in value and allow the bad faith transferees to capture it on a piece of property that, pursuant to the avoidance judgment, was property of the estate as of the petition date. *In re Seitz*, 400 B.R. 707, 722-23 (Bankr. E.D. Mo. 2008).[5]

---
[5] More fully discussed in Trustee's Memorandum in Support of Summary Judgment; *In re Brun*, 360 B.R. 669, 674 (Bankr. C.D. Cal. 2007) (a trustee typically has the ability to recover the property transferred, which would allow the

## <u>CONCLUSION</u>

The Trustee submits that summary judgment should be entered in this case as detailed in the

Trustee's motion for summary judgment.

**LEONARD, O'BRIEN,**
**SPENCER, GALE & SAYRE, LTD.**

Dated: January 7, 2011        /e/ Matthew R. Burton

By_____
     Matthew R. Burton, #210018
     Attorneys for Plaintiff Randall L. Seaver
     100 South Fifth Street, Suite 2500
     Minneapolis, Minnesota 55402-1234
     (612) 332-1030

432848

---

estate to benefit from any appreciation).

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:

Dennis E. Hecker,

      Debtor.

BKY No. 09-50779

_____

Randall L. Seaver, Trustee,

      Plaintiff,

vs.

New Buffalo Auto Sales, LLC,
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener, and Palladium Holdings
LLC,

      Defendants.

ADV No. 10-5027

_____

## AFFIDAVIT OF MATTHEW R. BURTON
_____

STATE OF MINNESOTA    )
                           )
COUNTY OF HENNEPIN   )

      Your Affiant, being first duly sworn, deposes and states as follows:

      1.      I am the attorney for Randall L. Seaver, Trustee, the Plaintiff in this matter.

      2.      Attached hereto as Exhibit A is a copy of a Certificate of Satisfaction in the

matter of Dennis Hecker v. Koch Group MPLS, LLC, et al. (Henn. Co. Court File No. 27-CV08-

25766) evidencing satisfaction of the judgment in favor of Palladium Holdings LLC as assignee.

3.      Attached hereto as Exhibit B is a Judgment Roll (Henn. Co. Court File No. 27-CV09-2692) evidencing a judgment in favor of Maurice J. Wagener, personally, together with New Buffalo Auto Sales, LLC.

4.      Attached as Exhibit C is a quitclaim deed from NBAS to Palladium.

5.      Attached as Exhibit D is a true and correct Certificate of Title for Northridge, title #804148 with indexes verified through July 30, 2010.

6.      Attached as Exhibit E is a true and correct copy of the Sheriff's Certificate memorialized on the Northridge certificate on January 19, 2010.

FURTHER YOUR AFFIANT SAYETH NOT.

/e/  Matthew R. Burton

_____

Matthew R. Burton

432822

STATE OF MINNESOTA

COUNTY OF HENNEPIN

FILED

JUL 2 0 2010

DIST. COURT ADMINISTRATOR

_____ DEPUTY

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Dennis Hecker
        Plaintiff(s),

-vs-

Koch Group MPLS, LLC, David Koch,
Scott Kotaska and Tara Cain,
        Defendant(s).

Certificate of Satisfaction

File Number: 27-CV08-25766

---

The records of this Court indicate that judgment was entered in the above case on 4-29-09 , as follows:

That judgment is entered in favor of the assignee, Palladium Holdings LLC and against the plaintiff in the amount of $813.67

Judgment was ordered and paid into court on July 20, 2010 and SATISFIED IN FULL.

The amount paid into Court is as follows:

        TOTAL AMOUNT DUE INCLUDING INTEREST AND COSTS
        $861.73

__X_  This payment was received into court by cash. In order to obtain this money, you will have to contact the District Court Judgment Department at 612-348-3169.

_ .___  This payment was received into court by check. The Accounting Office will not disburse the funds until the deposit instrument has cleared the bank. There is a 21 day stay for the check to clear the bank. In order to obtain this money after the check has cleared, you will have to contact the District Court Judgment Office at 612-348-3169.
(If the check fails to clear, the satisfaction on the judgment will be vacated and the judgment will be reactivated against the debtor.)

THIS IS A CERTIFICATION OF THE OFFICIAL RECORD OF THIS COURT
ON 7-20-10

        BY THE COURT
        DISTRICT COURT ADMINISTRATOR

        By_____
               Court Clerk

1

EXHIBIT
A

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
JUDGMENT

New Buffalo Auto Sales, LLC, a
Minnesota limited liability company, fka New
Buffalo Chrysler, LLC, and Maurice J. Wagener
Plaintiff(s)

Entered: May 7, 2009

Docketed: May 7, 2009

-vs-

Time: #1 10:45 a.m.

#2 10:46 a.m.

File No: 27CV09-2692

Monticello Motors LLC, a Minnesota limited
liability company and Dennis E. Hecker

Defendant(s)

JUDGMENT ROLL

Pursuant to the Order of the Court, duly made and filed on the 4th day of May, 2009, and
upon motion of Anne T. Behrendt, Esq., attorney for Plaintiff,

IT IS HEREBY ADJUDGED:

1. That judgment is entered in favor of the Plaintiffs and against the Defendant Monticello
   Motors, LLC, only, for the sum of three hundred twenty one thousand two hundred fourteen
   and 91/100 ($321,214.91)Dollars, the amount ordered with interest to date hereof.

2. That judgment is entered in favor of the Plaintiffs and against the Defendant Dennis E.
   Hecker only, for the sum of three hundred twenty four thousand nine hundred thirty eight
   and 72/100 ($324,938.72)Dollars, the amount ordered with interest to date hereof.

#1 $321,214.91
#2 $324,938.72

BY THE COURT

DISTRICT COURT ADMINISTRATOR

By _____

Court Clerk

EXHIBIT
B

NBAS000237

**QUIT CLAIM DEED**
Business Entity to Business Entity    (Top 3 inches reserved for recording data)

*Miller/Davis Company © - Minneapolis, MN - (612)*
**Minnesota Uniform Conveyancing Blanks**
Form 10.3.5 (2006) (31-M)

DEED TAX DUE: $ _____ 2,101.45 _____

DATE: July 22, 2010
*(month/day/year)*

FOR VALUABLE CONSIDERATION, New Buffalo Auto Sales, LLC
*(insert name of Grantor)*

a _____ limited liability company _____ under the laws of _____ Minnesota _____, ("Grantor"),

hereby conveys and quitclaims to Palladium Holdings, LLC
*(insert name of Grantee)*

a limited liability company _____ under the laws of _____ Minnesota _____, ("Grantee"),

real property in _____ Hennepin _____ County, Minnesota, legally described as

Lot 15, Block 3, North Ridge Farm, together with the appurtenant easement(s) contained in Document No. 5004854, according to the recorded plat thereof, and ,situate in Hennepin County, Minnesota.

*Check here if all or part of the described real property is Registered (Torrens)* ☑

together with all hereditaments and

*Check applicable box:*

☑ The Seller certifies that the Seller does not know of

☐ A well disclosure certificate accompanies this document.

☐ I am familiar with the property described in this instrument and I certify that the status and number of wells on the described real property have not changed since the last previously filed well disclosure certificate.

Grantor

New Buffalo Auto Sales, LLC
*(name of Grantor)*

By: _Maurice J. Wagener_
*(signature)* Maurice J. Wagener

Its: _Chief Manager_
*(type of authority)*

By: _____
*(signature)*

Its: _____
*(type of authority)*

WARNING: UNAUTHORIZED COPYING OF THIS FORM PROHIBITED.

Page 1

**EXHIBIT**

tabbies

C

NBAS000098



State of _____Minnesota_____, County of _Hennepin_

This instrument was acknowledged before me on _July 22, 2010_, by _Maurice J. Wagener_
                                                  (month/day/year)              (name of authorized signer)

_____ as _____Chief Manager_____
                                                                    (type of authority)

and by _____
                                  (name of authorized signer)

as _____ of _New Buffalo Auto Sales, LLC_
        (type of authority)                          (name of Grantor)

(Seal, if any)                          _Thomas M. Zappia_
                                         (signature of notarial officer)

                                         Title (and Rank): _____

                                         My commission expires: _____
                                                                    (month/day/year)

THOMAS M. ZAPPIA
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2015

TAX STATEMENTS FOR THE REAL PROPERTY DESCRIBED IN THIS
INSTRUMENT SHOULD BE SENT TO:
(insert name and address of Grantee to whom tax statements should be sent)

Palladium Holdings LLC

THIS INSTRUMENT WAS DRAFTED BY:
(insert name and address)

Thomas M. Zappia
Zappia & LeVahn, Ltd
941 Hillwind Road NE
Suite 301
Fridley, MN 55432
Phone: 763-571-7721 - Fax: 763-571-7734
11974x

WARNING: UNAUTHORIZED COPYING OF THIS FORM PROHIBITED.

NBAS000099

STATE OF MINNESOTA )
                   ) ss.        **FIRPTA AFFIDAVIT**
COUNTY OF HENNEPIN )

The undersigned, being first duly sworn on oath, deposes and states as follows:

1.    The undersigned is the Chief Manager of New Buffalo Auto Sales, LLC, a Minnesota limited liability company ("NBAS").

2.    The Company is not a foreign corporation, foreign person, foreign partnership, foreign limited liability company, foreign trust or foreign estate as those terms are defined in the Internal Revenue Code.

3.    None of the officers or members of the Company are foreign persons, foreign corporations, foreign partnerships, foreign company, foreign trusts or foreign estates as those terms are defined in the Internal Revenue Code.

4.    New Buffalo Auto Sales, LLC is not a "disregarded entity" as defined in IRS Regulation 1.1445-2(b)(iii).

Tax ID# 41-2011599

NEW BUFFALO AUTO SALES, LLC

By: _____
        Maurice J. Wagener
Its:   Chief Manager

STATE OF MINNESOTA )
                   ) ss.
COUNTY OF HENNEPIN )

The foregoing instrument was acknowledged before me this 22nd day of July, 2010 by Maurice J. Wagener, the Chief Manager of New Buffalo Auto Sales, LLC, a Minnesota limited liability company, a company under the laws of Minnesota on behalf of the company.

_____
Notary Public

THIS INSTRUMENT WAS DRAFTED BY:

Thomas M. Zappia, #11974X
Zappia & LeVahn, Ltd.
941 Hillwind Road NE, Suite 301
Fridley, MN 55432
Phone: (763) 502-7108
Fax: (763) 571-7734

THOMAS M. ZAPPIA
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2015

NBAS000100

STATE OF MINNESOTA ) 
                    ) ss.           **AFFIDAVIT REGARDING LIMITED**
COUNTY OF HENNEPIN )          **LIABILITY COMPANY**

Maurice J. Wagener, being duly sworn on oath says that:

1.    He is the Chief Manager of New Buffalo Auto Sales, LLC, a Minnesota limited liability company, the liability company named as Mortgagee in the document dated _____, 2010, and filed for record _____, 2010, as Document No. _____.

2.    Said company's principal place of business is at 12520 Wayzata Boulevard, Minnetonka, Minnesota and said company's previous principal places(s) of business during the past ten years have been at:

        12520 Wayzata Boulevard
        Minnetonka, Minnesota 55305

3.    There have been no:

    A.    Bankruptcy or dissolution proceedings involving said company during the time said company has had any interest in the premises described in the above document ("Premises");

    B.    Unsatisfied judgments of record against said company nor any actions pending in any courts, which affect the Premises;

    C.    Tax liens filed against said company; except as herein stated:

    **NONE.**

4.    Any bankruptcy or company dissolution proceedings of record against partnerships or persons with the same or similar names, during the time period in which the above named company had any interest in the Premises are not against the above named company, officers or members thereof.  **NONE.**

5.    Any judgments or tax liens of record against companies with the same or similar names are not against the above named company.  **NONE.**

6.    The Chief Manager has no knowledge of any labor or materials furnished to the premises for which payment has not been made.

7.    There are unrecorded contracts, leases, easements or other agreements or interests relating to the Premises except as state herein.

NBAS000101

8. There are persons in possession of any portion of the Premises other than pursuant to recorded documents.

9. There are no encroachments or boundary line questions affecting the Premises which Affiant has knowledge.

10. There are unpaid taxes, assessments or utility bills which are now or may become a lien against the Premises except as stated herein.

Affiant knows the matters herein stated are true and makes this Affidavit for the purpose of inducing the passing of title to the Premises attached as Exhibit A free and clear of all judgments, state or federal tax liens, bankruptcy or unrecorded interests.



THOMAS M. ZAPPIA
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2015

NEW BUFFALO AUTO SALES, LLC

By _____
    Maurice J. Wagener
Its:   Chief Manager

Subscribed and sworn to before me
this 22nd day of July, 2010.

_____
Notary Public

THIS INSTRUMENT WAS DRAFTED BY:

Thomas M. Zappia (#11974X)
Hillwind Office Centre
941 Hillwind Road NE, Suite 301
Fridley, MN 55432
Phone: 763-571-7721
Fax: 763-571-7734

NBAS000102

# EXHIBIT A

## LEGAL DESCRIPTION

Lot 15, Block 3, North Ridge Farm, together with the appurtenant easement(s) contained in Document No. 5004854, according to the recorded plat thereof, and ,situate in Hennepin County, Minnesota.

NBAS000103

# Certificate of Title

## Certificate Number:804148

Transfer From Certificate Number:     796360

Originally registered April 24, 1987 Volume:2345, Certificate No: 698945, District Court No: 19036

State of Minnesota
County of Hennepin        } s.s.                    Registration

This is to certify that

Dennis E. Hecker, whose address is 1615 Northridge Drive`, Medina, Minnesota

is now the owner of an estate in fee simple

In the following described land situated in the County of Hennepin and State of Minnesota:

Lot 15, Block 3, North Ridge Farm.

Subject to drainage and utility easements as shown on plat and as contained in the dedication clause thereof;

Subject to and together with a Declaration of Covenants, Conditions, Restrictions, Charges and Liens as contained in Document No. 5004854, office of County Recorder;

Subject to the interests shown by the following memorials and to the following rights or encumbrances set forth in Minnesota statutes chapter 508, namely:
1. Liens, claims, or rights arising under the laws of the Constitution of the United States, which the statutes of this state cannot require to appear of record;
2. Any real property tax or special assessment for which a sale of the land has not been had at the date of the certificate of title;
3. Any lease for a period not exceeding three years, when there is actual occupation of the premises under the lease;
4. All rights in public highways upon the land;
5. Such right of appeal or right to appear and contest the application as is allowed by law;
6. The rights of any person in possession under deed or contract for deed from the owner of the certificate of title;
7. Any outstanding mechanics lien rights which may exist under sections 514.01 to 514.17.

| | | Memorials | | |
|---|---|---|---|---|
| Document Number | Document Type | Date of Registration Month Day, Year Time | Amount ($) | Running in Favor Of |
| 2282725 | Mortgage | Jul 24, 1992 9:00 AM | $400,000.00 | FBS Mortgage Corporation (a NV corp) Minneapolis, MN |
| 2311591 | Assignment of Mortgage | Nov 2, 1992 12:00 PM | | First Wisconsin Trust Company, as Trustee under the Pooling & Servicing Agreement dated September 1, 1992 Series 1992-D 615 E. Michigan Milwaukee, WI Assigns document no(s). 2282725.0 |
| 2410243 | Mortgage | Aug 13, 1993 9:00 AM | $730,000.00 | Norwest Bank Minnesota, National Association St. Paul, MN |
| 2474587 | Power of Attorney | Feb 1, 1994 2:00 PM | | Jean G. Schuldt from Dennis E. Hecker |
| 2474588 | Mortgage | Feb 1, 1994 2:00 PM | $602,000.00 | Norwest Mortgage, Inc. P.O. Box 6137 Des Moines, IA |
| 2480237 | Satisfaction of Mortgage | Feb 14, 1994 12:00 PM | | Walden Leasing, Inc. Satisfies document no(s). 2410243.0 |
| 2536550 | Mortgage | Jul 28, 1994 11:00 AM | $250,000.00 | Firstar Bank of Minnesota, N.A. Arden Hills, MN |
| 2536551 | Certificate and Request for Notice | Jul 28, 1994 11:00 AM | | Firstar Bank of Minnesota, N.A. requests notice re-foreclosure (See Inst) |
| 2864882 | Assignment of Mortgage | Nov 25, 1997 4:00 PM | | Residential Funding Corporation Minneapolis, MN Assigns document no(s). 2474588.0 |
| 3205977 | Satisfaction of Mortgage | Sep 21, 1999 4:00 PM | | Satisfies document no(s). 2536550.0 |

Certificate Number:  804148                    This is a non-certified copy                        Page 1 of 3

EXHIBIT

tabbies

D

| Memorials | | | | |
|---|---|---|---|---|
| Document Number | Document Type | Date of Registration Month, Day, Year Time | Amount ($) | Running in Favor Of |
| 3223971 | Mortgage | Nov 10, 1999 11:00 AM | $250,000.00 | Firstar Bank U.S.A., N.A., 1529 White Oak Drive, City of Waukagan, State of Illinois |
| 3473642 | Mortgage | Dec 17, 2001 1:00 PM | $650,000.00 | Mortgage Electronic Registration Systems, Inc., (a DE corp), P.O. Box 2026, City of Flint, State of Michigan Made by Dennis E. Hecker & Tamitha D. Hecker, hus & wf |
| 3473643 | Mortgage | Dec 17, 2001 1:00 PM | $250,000.00 | GMAC Mortgage Corporation, (a PA corp). 100 Witmer Road, City of Horsham, State of Pennsylvania Mortgage Electronic Registration Systems, Inc., P.O. Box 2026, City of Flint, State of Michigan |
| 3491279 | Certificate of Release of Mortgage | Jan 25, 2002 11:00 AM | | Releases document no(s). 2282725.0 |
| 3503372 | Satisfaction of Mortgage | Feb 15, 2002 4:00 PM | | Satisfies document no(s). 2474588.0 |
| 4161898 | Assignment of Mortgage | Sep 14, 2005 4:00 PM | | U.S. Bank National Association c/o Briggs and Morgan, P.A. 2200 IDS Center, City of Minneapolis, State of Minnesota Assigns document no(s). 3223971.0 |
| 4161899 | Amendment of Mortgage | Sep 14, 2005 4:00 PM | | U.S. Bank National Association c/o Briggs and Morgan, P.A. 2200 IDS Center, Minneapolis, MN Amending Doc No 3223971. |
| 4383786 | Amendment | May 7, 2007 9:00 AM | | Amends Doc No 1651379 |
| 4638917 | Mechanic's Lien | Apr 30, 2009 12:00 PM | $6,724.45 | Condor Fireplace and Stone Company, (a MN corp) Date of Last Item: Mar 11, 2009 |
| 4704494 | Notice of Pendancy and Power of Attorney to Foreclose | Nov 17, 2009 11:08 AM | | The Public Stein & Moore, P.A. Re: Mtge Doc No 3223971 |
| 4721940 | Sheriff's Certificate | Jan 19, 2010 10:59 AM | | U.S. Bank National Association Date of sale Jan. 19, 2010 Re: Mtge. Doc No. 3223971 Redemption Period: Six months from the date of said sale. |
| 4747121 | Judgment | Apr 20, 2010 3:34 PM | $324,938.72 | New Buffalo Auto Sales, LLC and Maurice J Wegener On Int of Monticello Motors LLC and Dennis E Hecker |
| 4747638 | Judgment | Apr 22, 2010 11:00 AM | | Dennis Hecker |
| 4765099 | Notice of Intention to Redeem | Jun 23, 2010 4:00 PM | | The Public. Given by New Buffalo Auto Sales, LLC, (a MN llc) Regarding Sheriff's Certificate document no(s) 4721940 |
| 4768580 | Assignment | Jul 8, 2010 9:31 AM | | Palladium Holdings, LLC 301 Clifton Ave Minneapolis, MN Assigns Judgment document no(s) 4747638 |
| 4768581 | Notice of Intention to Redeem | Jul 8, 2010 9:31 AM | | The Public. Given by Palladium Holdings, LLC Regarding Sheriff's Certificate document no(s) 4721940 |
| 4773196 | Bankruptcy | Jul 23, 2010 3:21 PM | | Regarding bankruptcy of Dennis E. Hecker |
| 4773478 | Notice of Lis Pendens | Jul 26, 2010 2:33 PM | | Randall L Seaver, Trustee Leonard, O'Brien Spencer, Gale & Sayre, Ltd. To determine Plaintiff's interest in the real estate desc above. |
| 4774099 | Affidavit Regarding Foreclosure | Jul 28, 2010 10:45 AM | | Regarding Foreclosure Sale document no(s) 4747121 |
| 4774100 | Certificate of Redemption | Jul 28, 2010 10:45 AM | $218,025.30 | New Buffalo Auto Sales, LLC Date of Redemption: July 22, 2010 Regarding Foreclosure Sale document no(s) 4721940 |
| 4774101 | Quit Claim Deed | Jul 28, 2010 10:45 AM | | Palladium Holding LLC a Minnesota limited liability company 301 Clifton Ave, Minneapolis MN from New Buffalo Auto Sales LLC (a MN llc) |
| 4774102 | Mortgage | Jul 28, 2010 10:45 AM | $320,000.00 | New Buffalo Auto Sales, LLC, (a MN llc) c/o Zappia & LeVahn, Ltd 941 Hillwind Rd, Minneapolis MN Made by Palladium Holdings, LLC (a MN llc) No legal given on Mortgage |

| Memorials | | | | |
|---|---|---|---|---|
| Document Number | Document Type | Date of Registration Month Day, Year Time | Amount ($) | Running in Favor Of |
| 4774765 | Certificate of Redemption | Jul 29, 2010 4:09 PM | $561,500.00 | Palladium Holdings, LLC, (a MN llc) Date of Redemption: July 29, 2010 Regarding Foreclosure Sale document no(s) 4721940 |
| 4774766 | Affidavit Regarding Foreclosure | Jul 29, 2010 4:09 PM | | The Public Regarding Foreclosure Sale document no(s) 4721940 |

**Indexes Verified through 7/30/2010**

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of my office this 1st day of February, 1994.

**R. Dan Carlson**

**Registrar of Titles,**

**In and for the County of Hennepin and State of Minnesota.**

Certificate Number: 804148

**This is a non-certified copy**



Doc No T4721940

Certified, filed and/or recorded on
1/19/10 10:59 AM
Office of the Registrar of Titles
Hennepin County, Minnesota
Michael H. Cunniff, Registrar of Titles
Jill L. Alverson, County Auditor and Treasurer

Deputy 1                                    Pkg ID 598103

**Doc Name: Sheriff's Certificate**

| | |
|---|---|
| Document Recording Fee | $46.00 |
| *Document Total* | $46.00 |

Existing Certs          New Certs

804148

This cover sheet is now a permanent part of the recorded document.

STEIN & MOORE



804148

# SHERIFF'S CERTIFICATE OF SALE
## AND
## FORECLOSURE RECORD

This document consists of:

**Sheriff's Certificate of Sale**
**Affidavit of Costs and Disbursements and military status**
**Affidavit of Publication**
**Affidavit of Service on Occupant(s)**
**Affidavit of Service re: IRS tax lien**
**Certified copy of Order for stay relief**

This instrument was drafted by:
Return to:
STEIN & MOORE, P.A.
Attorneys at Law
The First National Bank Building
332 Minnesota Street, Suite W-1650
St. Paul, MN 55101
(651) 224-9683

1810.2482

*15*

## SHERIFF'S CERTIFICATE OF SALE

STATE OF MINNESOTA )
                )ss.
COUNTY OF Hennepin )

    I, __Richard W. Stanek__ , Hennepin County Sheriff, State of Minnesota, do hereby certify, that pursuant to the printed Notice of Mortgage Foreclosure Sale hereto attached and the power of sale contained in that certain mortgage therein described, to wit: that certain mortgage dated August 5, 1999, executed by Dennis E. Hecker, a single person, as mortgagor(s), to Firstar Bank U.S.A., N.A., as mortgagee, filed for record in the office of the Hennepin County Registrar of Titles on November 10, 1999, as doc. no. 3223971; which was thereafter assigned to U.S. Bank National Association by instrument recorded on September 14, 2005 as doc. no. 4161898;

    I did, at the time and place in said notice specified, to wit: at Sheriff's Office, Hennepin County Courthouse, Room 30, 350 South Fifth Street in the City of Minneapolis, County of Hennepin, State of Minnesota, on January 19, 2010, at 10:00 A.M., offer for sale and sell at public auction to the highest and best bidder, that tract of land lying and being in the County of Hennepin, State of Minnesota, described as follows, to wit:

        **Lot 15, Block 3, North Ridge Farm, according to the recorded plat thereof, Hennepin County, Minnesota.**

Street Address: 1615 Northridge Drive, Medina, MN 55391
Parcel I.D. #: 24-118-23-43-0010

and did strike off and sell the same to **U.S. Bank National Association** for the sum of TWO HUNDRED THIRTEEN THOUSAND TWO HUNDRED SIXTY-THREE and 00/100 ($213,263.00) Dollars, said purchaser(s) being the highest bidder and said sum being the highest and best bid offered therefor; and that said sale was in all respects openly, honestly, fairly, and lawfully conducted, and the time allowed by law for redemption by the mortgagor(s), his personal representatives or assigns is six (6) months from the date of said sale. The interest rate in effect is 3.25%.

Date: __January 19, 2010__

                                        Richard W. Stanek
                                        Hennepin County Sheriff

                                        By:
                                            Deputy

STATE OF MINNESOTA )
                )ss.
COUNTY OF Hennepin )

    On January 19, 2010, before me personally appeared __SGT. Brad Erickson #346__, to me known to be the deputy sheriff of said County, and the person described in and who executed the foregoing instrument, and acknowledged that he/she executed the same as his/her free act and deed as such deputy sheriff.

                                      Notary Public

| Drafted by/Return to: | Taxpayer Address (if unredeemed) | (Notary Stamp) |
|---|---|---|
| Stein & Moore, P.A.<br>Attorneys at Law<br>332 Minnesota St., #W-1650<br>St. Paul, MN 55101<br>(651) 224-9683 | U.S. Bank National Association<br>Attn: FAM Group, EP-MN-L22F<br>200 South Sixth Street<br>Minneapolis, MN 55402-1403 | EMILY ROSE GOLDSMITH<br>Notary Public-Minnesota<br>My Commission Expires Jan 31, 2013 |

*1810.2482*

## AFFIDAVIT OF COSTS AND DISBURSEMENTS

STATE OF MINNESOTA)
                 )ss.
COUNTY OF RAMSEY  )

     Ralph L. Moore, being duly sworn, on oath says: that he is the attorney foreclosing the mortgage described in the printed notice of mortgage foreclosure sale hereto attached; that all pre-foreclosure requirements, including all applicable notice requirements, were complied with; that the following is a detailed bill of the costs and disbursements of said foreclosure, and that the same have been absolutely and unconditionally paid or incurred therein, to wit:

| | |
|---|---|
| Attorneys fees for foreclosing said mortgage | $1,955.00 |
| Printer's fee for publishing notice of sale | $ 454.00 |
| Abstracting fees | $ 285.00 |
| Recording power of attorney to foreclose | $ 46.00 |
| Fees for serving notice of sale on occupants | $ 70.00 |
| Sheriff's fees for making foreclosure sale | $ 65.00 |
| Fees for Registrar/Recorder | $ 46.00 |
| Photocopying fee/misc./certified copy of Order | $ 9.00 |
| TOTAL COSTS AND DISBURSEMENTS - - - | $2,930.00 |

Subscribed and sworn to before me
on January 19, 2010.

_____
Notary Public

LINDA M. REFF
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

STATE OF MINNESOTA)
                 )ss.               **Affidavit re: Military Status**
COUNTY OF RAMSEY  )

     Ralph L. Moore, being first duly sworn, on oath says:  that he knows the facts relating to the military status of **Dennis E. Hecker** who was the owner(s) of the mortgaged premises described in the foregoing Sheriff's Mortgage Foreclosure Sale thereof; that said person(s) was not in the military or naval service of the United States at the time of sale, or during the three months preceding such sale, as appears from the facts known at the time of sale.

Subscribed and sworn to before me
on January 19, 2010.

_____
Notary Public

LINDA M. REFF
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

## AFFIDAVIT OF PUBLICATION

STATE OF MINNESOTA    )
                      ) SS.
COUNTY OF HENNEPIN    )

Shawna Schmitz _____, being duly sworn on oath say she/he is and during all times herein stated has been the publisher or the publisher's designated agent in charge of the newspaper known as

# FINANCE AND COMMERCE

and has full knowledge of the facts herein stated as follows:

(A) The newspaper has complied with all of the requirements constituting qualifications as a legal newspaper, as provided by Minnesota Statue 331A.02, and 331A.07, and other applicable laws as amended.

(B) She/He further states on oath that the printed

Mortgage Foreclosure Sale

22224783

hereto attached as part hereof was cut from the columns of said newspaper, and was printed and published therein in the English language; that it was first so published on

November 24, 2009 _____ for _____ 6 _____ times(s);

the subsequent dates of publications being as follows:

Tuesday, 12/01/2009
Tuesday, 12/08/2009
Tuesday, 12/15/2009
Tuesday, 12/22/2009
Tuesday, 12/29/2009

And that the following is a printed copy of the lower case alphabet from A to Z, both inclusive, and is hereby acknowledged as being the size and kind of type used in the composition and publication of said notice, to wit:

abcdefghijklmnopqrstuvwxyz
X   abcdefghijklmnopqrstuvwxyz

Subscribed and
Sworn before me this   29th   day of   December, 2009

(Notarial Seal)    Notary Public, Hennepin County, Minnesota

KANGBAO XIONG
Notary Public-Minnesota
My Commission Expires Jan 31, 2011

RATE INFORMATION:

1. Lowest classified rate paid by commercial users for comparable space:    3.25060

2. Maximum rate allowed by law for the above matter:    1.41034

3. Rate actually charged for the above matter:    1.28213

---

**NOTICE OF MORTGAGE FORECLOSURE SALE**

NOTICE IS HEREBY GIVEN, that default has occurred in the conditions of a mortgage dated August 5, 1998, executed by Dunnie E. Henken, a single person, as mortgagor(s) to Firster Bank U.S.A., N.A. as mortgagee in the original principal amount of Two Hundred Fifty Thousand ($250,000.00) Dollars, recorded with the Hennepin County Registrar of Titles, State of Minnesota, on November 10, 1998, as doc. no. 3228071; which was thereafter assigned to U.S. Bank National Association by instrument recorded on September 14, 2005 as doc. no. 4161896; that the mortgage is upon registered land; that all pre-foreclosure requirements have been complied with; that no notice or proceeding has been instituted at law to recover any part of the debt secured by said mortgage; that there is claimed to be due thereon the sum of Two Hundred Nine Thousand One Hundred Twenty-Two ($209,122.00) Dollars on this date and that pursuant to the power of sale therein the mortgage will be foreclosed and the property in Hennepin County, Minnesota, described as follows:

Lot 15, Block 3, North Ridge Farm, according to the recorded plat thereof, Hennepin County, Minnesota.

Street Address: 1615 Northridge Drive, Medina, MN 55301

Parcel I.D. #: 24-118-23-43-0010

will be sold by the sheriff of said county at public auction on January 19, 2010, at 10:00 o'clock A.M. at Sheriff's Office, Hennepin County Courthouse, Room 30, 350 South Fifth Street, Minneapolis, Minnesota, to pay the debt secured by the mortgage, including costs and attorneys' fees allowed by law subject to redemption by the mortgagor(s), his heirs or assigns, within six (6) months from the date of sale.

You must vacate the property on or before 11:59 p.m. on July 19, 2010, if (i) the mortgage is not reinstated under §580.30, or (ii) the property is not redeemed under §580.23.

THE TIME ALLOWED BY LAW FOR REDEMPTION BY THE MORTGAGOR, THE MORTGAGOR'S PERSONAL REPRESENTATIVES OR ASSIGNS, MAY BE REDUCED TO FIVE WEEKS IF A JUDICIAL ORDER IS ENTERED UNDER MINNESOTA STATUTES, SECTION 582.032, DETERMINING, AMONG OTHER THINGS, THAT THE MORTGAGED PREMISES ARE IMPROVED WITH A RESIDENTIAL DWELLING OF LESS THAN FIVE UNITS, ARE NOT PROPERTY USED IN AGRICULTURAL PRODUCTION, AND ARE ABANDONED.

Dated: November 23, 2009
U.S. BANK NATIONAL ASSOCIATION
Mortgagee

Ralph L. Moore
STEIN & MOORE, P.A.
Attorneys for Mortgagee
332 Minnesota Street, #W-1650
St. Paul, MN 55101
(651) 224-9683
(November 24,
December 1, 8, 15, 22, 29, 2009)
22224783

Mortgage Foreclosure Notice-          Sheriff # 09024898

## AFFIDAVIT OF SERVICE ON OCCUPANT

**STATE OF MINNESOTA**
**COUNTY OF HENNEPIN**

Brenda Opheim (75), being duly sworn on oath says:

1. On **Friday, December 11, 2009**, I went upon the property **1615 Northridge Drive Medina, MN 55391-9571** described in the foregoing Notice of Mortgage Foreclosure Sale and Help for Homeowners in Foreclosure Notice and Foreclosure Advice to Tenants and Homestead Designation Notice for the purpose of serving the notice upon the person(s) in possession thereof;

2. On said date, the following person(s) was/were in possession of the property;

   **Christy Rowan,**

3. (Personal Service) On said date I served the notice by delivering a copy thereof personally to the following person(s) in possession of the property described in the Notice of Mortgage Foreclosure Sale and Help for Homeowners in Foreclosure Notice and Foreclosure Advise to Tenants and Homestead Designation Notice;

   **Christy Rowan**

4. (Substituted Service) On said date I served the notice to the following person(s) in possession of the property described in the Notice of Mortgage Foreclosure Sale and Help for Homeowners in Foreclosure Notice and Foreclosure Advise to Tenants and Homestead Designation Notice;

On said date, and for some time prior to service, the above-named person(s) and no other person(s) were in possession of the property.

**RICHARD W. STANEK**
**HENNEPIN COUNTY SHERIFF**

By _Opha_
Brenda Opheim (75), Deputy Sheriff

Subscribed and sworn to before me this ___14___ day of __December, 2009__

Notary Public, Hennepin County, Minnesota

**EMILY ROSE GOLDSMITH**
Notary Public-Minnesota
My Commission Expires Jan 31, 2012

## NOTICE OF MORTGAGE
### FORECLOSURE SALE

NOTICE IS HEREBY GIVEN, that default has occurred in the conditions of a mortgage dated August 5, 1999, executed by Dennis E. Hecker, a single person, as mortgagor(s) to Firstar Bank U.S.A. N.A. as mortgagee in the original principal amount of Two Hundred Fifty Thousand ($250,000.00) Dollars, recorded with the Hennepin County Registrar of Titles, State of Minnesota, on November 10, 1999, as doc. no. 2223971; which was thereafter assigned to U.S. Bank National Association by instrument recorded on September 14, 2005 as doc. no. 4161898; that the mortgage is upon registered land; that all pre-foreclosure requirements have been complied with; that no action or proceeding has been instituted at law to recover any part of the debt secured by said mortgage; that there is claimed to be due thereon the sum of Two Hundred Nine Thousand One Hundred Twenty-Two ($209,122.00) Dollars on this date; and that pursuant to the power of sale therein the mortgage will be foreclosed and the property in Hennepin County, Minnesota, described as follows:

Lot 15, Block 3, North Ridge Farm, according to the recorded plat thereof, Hennepin County, Minnesota.

Street Address: 1615 Northridge Drive, Medina, MN 55391

Parcel I.D. #: 24-118-23-43-0010 will be sold by the sheriff of said county at public auction on January 15, 2010, at 10:00 o'clock A.M. at Sheriff's Office, Hennepin County Courthouse, Room 30, 350 South Fifth Street, Minneapolis, Minnesota, to pay the debt secured by the mortgage, including costs and attorneys' fees allowed by law subject to redemption by the mortgagor(s), his heirs or assigns, within six (6) months from the date of sale.

You must vacate the property on or before 11:59 p.m. on July 15, 2010, if (i) the mortgage is not reinstated under $580.30, or (ii) the property is not redeemed under $580.23.

THE TIME ALLOWED BY LAW FOR REDEMPTION BY THE MORTGAGOR, THE MORTGAGOR'S PERSONAL REPRESENTATIVES OR ASSIGNS, MAY BE REDUCED TO FIVE WEEKS IF A JUDICIAL ORDER IS ENTERED UNDER MINNESOTA STATUTES, SECTION 582.032, DETERMINING, AMONG OTHER THINGS, THAT THE MORTGAGED PREMISES ARE IMPROVED WITH A RESIDENTIAL DWELLING OF LESS THAN FIVE UNITS, ARE NOT PROPERTY USED IN AGRICULTURAL PRODUCTION, AND ARE ABANDONED.

Dated: November 23, 2009
U.S. BANK NATIONAL ASSOCIATION
Mortgagee

Ralph L. Moore
STEIN & MOORE, P.A.
Attorneys for Mortgagee
332 Minnesota Street, #W-1650
St. Paul, MN 55101
(651) 224-9683
(November 24,
December 1, 8, 15, 22, 29, 2009)
2224783

IF PART OF THE PROPERTY TO BE SOLD CONTAINS YOUR HOUSE, YOU MAY DESIGNATE THE AREA OF A HOMESTEAD TO BE SOLD AND REDEEMED SEPARATELY.

YOU MAY DESIGNATE THE HOUSE YOU OCCUPY AND ANY AMOUNT OF THE PROPERTY AS A HOMESTEAD.  THE DESIGNATED HOMESTEAD PROPERTY MUST CONFORM TO THE LOCAL ZONING ORDINANCES AND BE COMPACT SO THAT IT DOES NOT UNREASONABLY REDUCE THE VALUE OF THE REMAINING PROPERTY.

YOU MUST PROVIDE THE PERSON FORECLOSING ON THE PROPERTY, THE SHERIFF, AND THE COUNTY RECORDER WITH A COPY OF THE LEGAL DESCRIPTION OF THE HOMESTEAD YOU HAVE DESIGNATED BY TEN BUSINESS DAYS BEFORE THE DATE THE PROPERTY IS TO BE SOLD.

*This is an attempt to collect a debt and any information obtained will be used for that purpose.*

# Help For Homeowners in Foreclosure

**The attorney preparing this foreclosure is:** Ralph Moore, Stein & Moore, P.A., 332 Minnesota Street, Suite #W-1650, St. Paul, MN 55101. Phone number: (651) 224-9683

**It is being prepared for:** U.S. Bank National Association ND

Lender's phone number: 612-973-0723

AS OF November 27, 2009, the Lender says that you owe $207,801.70 to bring your mortgage up to date (matured loan). To keep your house from going through a sheriff's sale, you must cure the loan defaults, which include the above amount, bank charges, and attorneys fees and costs. (To get the exact amount you need to pay off your loan, call the attorneys' office at 651-224-9683.) The sheriff's sale is scheduled for January 19, 2010 at 10:00 A.M. at Sheriff's Office, Hennepin County Courthouse, Room 30, 350 South Fifth Street, Minneapolis, MN.

Mortgage foreclosure is a complex process. People may contact you with advice and offers to help "save" your home.

**Remember:** It is important that you learn as much as you can about foreclosure and your situation. Find out about all your options before you make any agreements with anyone about the foreclosure of your home.

## Getting Help

As soon as possible, you should contact your lender at the above number to talk about things you might be able to do to prevent foreclosure. You should also consider contacting the foreclosure prevention counselor in your area. A foreclosure prevention counselor can answer your questions, offer free advice, and help you create a plan which makes sense for your situation.

Contact the Minnesota Home Ownership Center at 651-659-9336 or 866-462-6466 or www.hocmn.org to get the phone number and location of the nearest counseling organization. Call today. The longer you wait, the fewer options you may have for a desirable result.

## Information About the Foreclosure Process

You do not need to move at the time of the sheriff's sale. After the sheriff's sale you have the right to "redeem." Redeem means that you pay off the entire loan amount plus fees to keep your house. You can keep living in your home for a period of time. This is called a "redemption period." The redemption period is six (6) months after the sheriff's sale. This redemption period is your chance to try and sell your home or refinance it with a different loan. You can also pay the redemption amount with any other funds you have available. At the end of the redemption period you will have to leave your home. If you do not, the person or company that bid on your home at the sheriff's sale has the right to file an eviction against you in district court.

# Foreclosure: Advice Notice to Tenant

You are renting in a property that is in foreclosure. Minnesota law requires that we send you this notice about the foreclosure process. Please read it carefully.

The mortgage foreclosure does not change the terms of your lease. You and your landlord must continue to follow the terms of your lease, including the rights and responsibilities of you and your landlord. You must keep paying rent unless you have a legal reason to withhold it. Your landlord must keep the property repaired. Utilities must be paid under the terms of your lease or under state law.

Moving out of the property early might be a violation of your lease. The date of the sheriff's foreclosure sale is in the attached foreclosure notice. In most cases you do not need to move from the property before the sheriff's foreclosure sale. Read your lease to see if it says anything about foreclosure and about the rights you may have if the property is in foreclosure. If you have a month-to-month lease, the foreclosure notice does not change the rules for ending your lease. You and your landlord must still give legal notice to end your lease.

In most cases, your landlord has six months after the date of the sheriff's foreclosure sale to pay off the mortgage. This is called the "redemption period." Read the attached foreclosure notice to determine the length of the redemption period. You cannot be asked to move during the redemption period except for lease violations or if your lease expires during the redemption period. If your landlord stops the foreclosure, you may not have to move from the property. If your landlord does not stop the foreclosure, there will be a new owner of the property at the end of the redemption period.

The new owner may have the legal right to ask you to move even if your lease is not over. But, the new owner must still give you a written notice stating that the new owner wants you to move.

Do not wait to get information about foreclosure. Mortgage foreclosure is a complicated process. It is important you learn about your rights as a renter when there is a mortgage foreclosure. You may have fewer options if you wait too long. There are government agencies and nonprofit organizations that you may contact for helpful information about the foreclosure process. For the name and telephone number of an organization near you, please call the legal aid office or bar association office in your county. You also can find information on tenant rights at HOME Line at (866) 866-3546 and Law Help Minnesota at http://www.LawHelpMN.org. The state of Minnesota does not guarantee the advice of these agencies and organizations."



C9024898
11/30/09 11:38



## NOTICE OF NONJUDICIAL SALE OF PROPERTY

The undersigned, as attorney for U.S. Bank National Association, hereby notifies you of the nonjudicial sale of real property. The following information is provided in accordance with applicable federal or state statutes:

1.  Name and address of taxpayer - see tax lien notice attached.

2.  Notice of foreclosure sale (or contract cancellation) - attached hereto.

3.  Tax lien notice(s) - attached hereto.

4.  Total unpaid balance on mortgage loan/contract for deed - $209,518.00
     (an additional amount will be owed by virtue of
     attorney's fees and the costs of the proceeding).

5.  Legal description of property - see notice of sale.

6.  Address of property – 1615 Northridge Drive
     Medina, MN 55391

7.  Foreclosure sale information - see attached notice of sale.

8.  Fair market value of property - $1,891,000.00 (per County Tax Records).

Date:  December 15, 2009

Ralph L. Moore
STEIN & MOORE, P.A.
332 Minnesota Street, #W-1650
St. Paul, MN 55101
(651) 224-9683

STATE OF MINNESOTA)                        **AFFIDAVIT OF SERVICE**
                              )ss.
COUNTY OF RAMSEY  )

Ralph L. Moore, being duly sworn, states that on December 15, 2009, he served the above Notice, together with all attachments therein, upon Internal Revenue Service, Advisory Unit, STOP 5900, 30 East 7th Street, Suite 1222, St. Paul, MN 55101-4940, by certified mail.

Subscribed and sworn to before me
this 15th day of December, 2009.

Notary Public

LINDA M. REFF
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

Doc No A9348403

Certified filed and/or recorded on
4/22/09 3:00 PM
Office of the County Recorder
Hennepin County, Minnesota
Michael H. Cunniff, County Recorder
Jill L. Alverson, County Auditor and Treasurer

Deputy 4                                          Pkg ID 529039

**Doc Name: Federal Tax Lien**

Document Recording Fee                                $46.00

*Document Total*                                      $46.00

This cover sheet is now a permanent part of the recorded document.

RECORDING DATA

| INTERNAL REVENUE SERVICE<br>FACSIMILE FEDERAL TAX LIEN DOCUMENT | Lien Recorded  :<br>Recording Number:<br>UCC Number    :<br>Liber        :<br>Page         : |
|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED AREA #4<br>Lien Unit Phone: (800) 913-6050 | IRS Serial Number: 533654109 |

This Lien Has Been Filed in Accordance with
Internal Revenue Regulation 301.6323(f)-1.

Name of Taxpayer :
   DENNIS E & TAMITHA D BECKER

Residence :
   500 FORD RD
   MINNEAPOLIS, MN 55426-1062

With respect to each assessment below, unless notice of lien is refiled by
the date in column(e), this notice shall constitute the certificate of
release of lien as defined in IRC 6325(a).

| Form<br>(a) | Period<br>(b) | ID Number<br>(c) | Assessed<br>(d) | Refile Deadline<br>(e) | Unpaid Balance<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/03 | XXX-XX-4298 | 02/14/05 | 03/16/15 | 2556017.16 |
| 1040 | 12/31/03 | XXX-XX-4298 | 11/14/07 | 12/14/17 | 56774.71 |
| 1040 | 12/31/03 | XXX-XX-4298 | 11/19/07 | 12/19/17 | |
| 1040 | 12/31/05 | XXX-XX-4298 | 01/08/07 | 02/07/17 | |
| 1040 | 12/31/05 | XXX-XX-4298 | 04/21/08 | 05/21/18 | |

| Filed at:<br>   COUNTY RECORDER<br>   HENNEPIN E | Total | $   2,612,791.87 |
|---|---|---|

This notice was prepared and executed at CHICAGO, IL
on this, 8th day of April 2009.

| Authorizing Official:<br>   RICHARD A WALLIN | Title:<br>REVENUE OFFICER |
|---|---|



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

Debtor.

BKY 09-50779          Ch. 7

ORDER
FOR RELIEF FROM
THE AUTOMATIC STAY

This case is before the court on a motion by U.S. Bank National Association for an order for relief from the automatic stay. Based on the motion and file,

IT IS ORDERED:

1. U.S. Bank National Association is granted relief from the automatic stay of 11 U.S.C. § 362 with respect to real property described as

   Lot 15, Block 3, North Ridge Farm, according to the recorded plat thereof, Hennepin County, Minnesota.

2. Notwithstanding FED. R. BANKR. P. 4001(a)(3), this order is effective immediately.

Dated:  September 28, 2009

/e/ Robert J. Kressel
Robert J. Kressel
United States Bankruptcy Judge

CERTIFIED COPY - Certified a true copy
_____ pages on _11-9-09_
Lori Vossejpka, Clerk, United States
Bankruptcy Court, District of Minnesota
(SEAL) By_____ Deputy Clerk

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 09/28/2009
Lori Vossejpka, Clerk, By amm, Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker,

        Debtor.

BKY No. 09-50779

Randall L. Seaver, Trustee,

        Plaintiff,

vs.

New Buffalo Auto Sales, LLC,
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener, and Palladium Holdings
LLC,

        Defendants.

ADV No. 10-5027

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2011, I caused the following documents:

    ***Trustee's Response to Defendant's Motions for Summary Judgment and Affidavit
of Matthew R. Burton***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be
delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice
pursuant to Local Rule 9006-1(a).

/e/ Stephanie Wood

Dated: January 7, 2011

    Stephanie Wood
    100 South Fifth Street, Suite 2500
    Minneapolis, MN 55402
    (612) 332-1030

433037