UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In Re:                                                                    BKY Case No. 09-50779

Dennis E. Hecker

        Debtor.
_____

Randall L. Seaver, Trustee,                              ADV No. 10-5027

        Plaintiff

Vs.                                                    **RESPONSE AND OPPOSITION TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT BY MAURICE J. WAGENER FOR SUMMARY JUDGMENT**

New Buffalo Auto Sales, LLC,
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener, and Palladium Holdings
LLC,

        Defendants
_____

        Defendant Maurice J. Wagener hereby opposes the Trustee's motion for summary judgment filed as docket entry 24. In support of this opposition Wagener adopts the record and arguments submitted in his previous motion and amended motion for summary judgment (docket entries 25 and 28), the motion for summary judgment filed by New Buffalo Auto Sales, LLC ("NBAS") (docket entry 27), and the response by NBAS to the Trustee's motion for summary judgment (docket entry 29).

        Wagener's situation differs from other defendants in that he did not file a notice of intent to redeem and thus any interest obtained as a result of the registration of a judgment against the

1

Debtor's former Medina home (the "Northridge Property") evaporated upon expiration of Hecker's redemption rights. As previously noted by Wagener in his motion, although the judgment against Dennis Hecker became registered post-petition in his name as a judgment creditor against the Northridge Property, that he had no knowledge of such an act at the time, nor did he direct the registration.

Wagener also adopts the legal arguments and authorities set forth by NBAS in its motion for summary judgment. Specifically, Wagener argues: (1) the pre-petition entry of the judgment against Hecker was not a transfer of "property of the estate" and is not an avoidable preference under 11 U.S.C. § 547; (2) the trustee administered and abandoned the Northridge Property prior to the post-petition registration of the judgment, and therefore the Northridge Property was not "property of the estate" at that time; (3) Wagener did not receive any property that would constitute a transfer under 11 U.S.C §§ 547 or 549; and (4) the registered judgment had no value, and thus there is no property or value to recover for the "benefit of the estate," under 11 U.S.C. § 550(a), as well under the authorities cited by NBAS including, *In re Sickels*, 392 B.R. 423 (Bankr. N.D. Iowa 2008); *In re Schwartz*, 383 B.R. 119 (8th Cir. 2008); *In re Int'l Ski Services, Inc.*, 119 B.R. 654 (Bankr. W.D. Wis. 1990); *In re McLaughlin*, 183 B.R. 171 (Bankr. W.D. Wis. 1995); *In re Pearson Industries, Inc.*, 178 B.R. 753 (Bankr. C.D. Ill. 1995); and *In re Joing*, 82 B.E. 500 (Bankr. D. Minn. 1987).

Therefore, Defendant Maurice J. Wagener respectfully requests the court deny the Trustee's motion for summary judgment, grant Wagener's motion for summary judgment, in its favor and dismiss all counts applicable to Wagener in the Second Amended Complaint.

Dated: January 7, 2011                      **MACKALL, CROUNSE & MOORE, PLC**

By /e/ Mychal A. Bruggeman
Mychal A. Bruggeman (#345489)
1400 AT&T Tower
901 Marquette Ave
Minneapolis, MN 55402
(612) 305-1400

**ATTORNEYS FOR DEFENDANT MAURICE J. WAGENER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In Re: BKY Case No. 09-50779

Dennis E. Hecker

       Debtor.
_____

Randall L. Seaver, Trustee,                                        ADV No. 10-5027

       Plaintiff,
vs.

New Buffalo Auto Sales, LLC,
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener, and Palladium Holdings
LLC,

       Defendants.
_____

UNSWORN DECLARATION FOR PROOF OF SERVICE
_____

    <u>Jinah E. Finnes</u>, employed by Mackall, Crounse & Moore, PLC, attorney(s) licensed to practice law in this court, with office address of 1400 AT&T Tower, 901 Marquette Avenue, Minneapolis, MN 55402-2859, declares that on the date set forth below, caused the following documents:

**Response and Opposition to Trustee's Motion for Summary Judgment by Maurice Wagener for Summary Judgment**

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Mychal A. Bruggeman    mab@mcmlaw.com,
  tmoratzka@ecf.epiqsystems.com;ldj@mcmlaw.com;mcm_trustee@mcmlaw.com;jef@mcmlaw.com
- Matthew R. Burton    mburton@losgs.com, swood@losgs.com
- William P Wassweiler    wwassweiler@lindquist.com,
  edaniels@lindquist.com;dschwartz@lindquist.com;cfunk@linquist.com

1

I further certify that I served the following non-ECF participants via U.S. Mail:

JAMES M LOCKHART
LINDQUIST & VENNUM PLLP
4200 IDS CENTER
80 S EIGHTH ST
MINNEAPOLIS, MN 55402

KARLA M VEHRS
LINDQUIST & VENNUM PLLP
4200 IDS CENTER
80 S EIGHTH ST
MINNEAPOLIS, MN 55402

Dated: January 7, 2011                    Signed: /e/Jinah E. Finnes