# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                            BKY No. 09-50779

Dennis E. Hecker,

           Debtor.

_____

Randall L. Seaver, Trustee,
                                           Adv. No.:  10-5027

           Plaintiff,

vs.                                                              **PLAINTIFF'S REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFF'S SUMMARY
JUDGMENT MOTION**

New Buffalo Auto Sales, LLC,
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener and Palladium Holdings
LLC,

           Defendants.

_____

      This reply is submitted in response to the Defendants' response to the Plaintiff's motion for summary judgment.

### 1.      DEFENDANTS HAVE NO DEFENSES UNDER 11 U.S.C. §550.

      The Defendants have asserted that they are entitled to defenses under 11 U.S.C. §550(b)(1) as "good faith" transferees.  The essence of their assertion is, apparently, that while they knew of the pending Dennis Hecker bankruptcy, they had "no reason" to believe that the transfers received by them were avoidable.  There is no basis for this assertion.

      The case law dealing with the "knowledge of voidability" aspect of a §550 defense, for the most part, looks to whether the transferee knew of the possible insolvency of the transferor.  A primary factor is whether the transferee knew facts which would lead a reasonable person to

believe that a transfer could be avoidable. *In re Sherman*, 67 F.3d 1348 (8th Cir. 1998). That is so because, in many cases, a mediate transferee may not have knowledge as to the original transferor's financial status. The defense exists so that the "innocent" mediate, or immediate, recipient of such a transfer has a defense. This defense is <u>not</u> available to the initial transferee. 11 U.S.C. §550(b). The burden of proof, as to establishing the §550 defense of value, good faith, and lack of knowledge is on the Defendants. *In re Sawran*, 359 B.R. 348, 354 (Bankr. S.D. Fla. 2007).

As a matter of law, neither New Buffalo Auto Sales nor Koch have a right to attempt to assert such a defense under §550(b). The only Defendant who can attempt to assert such a right is Palladium, and such an assertion by Palladium is without any merit.

Even if Palladium is immediate or mediate transferee, an issue not conceded by the Plaintiff, it certainly did not take in "good faith" and "without knowledge of the possible avoidability of the transaction." At a minimum, the following details what Palladium knew when it engaged in its actions in this case:

     (a)     Not later than January 19, 2010, months before Palladium had received transfers from the other Defendants, U.S. Bank memorialized a sheriff's certificate against the Northridge Certificate of Title ("**Northridge Certificate**"). That sheriff's certificate had attached as an exhibit this Court's Order granting stay relief to U.S. Bank to proceed with a mortgage foreclosure. Accordingly, any parties memorializing documents on the Northridge Certificate after January 19, 2010, were charged with knowledge of the Dennis Hecker bankruptcy (as a result of the recording of the order for relief from automatic stay on the Northridge Certificate).

A copy of the Northridge Certificate was attached to the Affidavit of Matthew R. Burton dated January 7, 2010 as Exhibit D.

b.      Palladium, having been provided with notice of the Hecker bankruptcy not later than January 19, 2010, is also charged with notice of all filings of record in the bankruptcy case. One of those filings is a letter from Matthew R. Burton to this Court, filed on March 18, 2010, advising the Court of the fraud which had been perpetuated upon the Trustee by Hecker in conjunction with the deed of his interest in Northridge. A copy of that letter is attached to the Supplemental Affidavit of Matthew R. Burton as Exhibit 1. This letter provided all who reviewed the Hecker bankruptcy case with knowledge of a fraud perpetrated upon the Trustee in conjunction with the Ralph Thomas deed. Thus, Palladium is charged with that knowledge. See, *In re Sherman*, 67 F.3d 1348, 1357 (8th Cir. 1995) ("No one supposes that "knowledge of voidability" means complete understanding of the facts and a lawyer's opinion that such a transfer is voidable; some lesser knowledge will do.")

c.      Palladium knew that U.S. Bank had been required to obtain stay relief before it proceeded with its foreclosure, yet none of the Defendants sought stay relief before engaging in the actions they took in this case.[1]

d.      The Defendants knew that both of the judgments were entered within 90 days of the commencement of the bankruptcy case. The Defendants, at all times, were represented by legal counsel. In fact, one of their attorneys

---

[1] A possible reason for not seeking such relief was to keep their actions "secret" until they contacted the Trustee shortly before the redemption period expired.

3

contacted the Trustee prior to redemption. Affidavit of Karla Vehrs, Exhibit A pp. 7-10. Any attorney would know of the Trustee's avoidance powers.

e. The Defendants are experienced business entities or individuals engaging in sophisticated transactions and, at all times, were represented by counsel. Burton Supplemental Affidavit, Exhibit 2.

f. Defendants knew, from the Hecker bankruptcy record, that the Trustee had obtained authorization to transfer Northridge to Ralph Thomas. Further, the Defendants knew that even though the Trustee had obtained authorization to transfer Northridge to Ralph Thomas, no such transfer had occurred. Mr. Thomas never recorded the deed.

g. On July 26, 2010, this adversary proceeding was commenced and a notice of lis pendens filed against the Northridge Certificate. Not until July 28, 2010, after being sued in this adversary proceeding, did the Defendants record the first certificate of redemption.

h. Not until July 29, 2010 was the sham Koch/Palladium Certificate of Redemption recorded.[2]

It is very clear that even if Palladium was a "mediate" transferee, it had full knowledge of the possibility, indeed certainty, that the transfers would be avoidable. Palladium has presented no evidence to meet its burden of establishing value, good faith and lack of knowledge. The knowledge of possible voidability held by the Defendants far exceeds that held by the bank in *In*

_____

[2] The Koch judgment had already been satisfied so there was no judgment to redeem.

*re Sherman*, which unsuccessfully asserted a §550 defense. No Defendant has met their burden to establish good faith. See, *In re Sawran*, 359 B.R. at 354.

    **2.    THERE WERE PRE- AND POST-PETITION TRANSFERS WHICH MAY BE AVOIDED BY THE TRUSTEE**.

The Bankruptcy Code provides legal fictions which inure to the benefit of chapter 7 trustees in pursuing avoidance claims.

In this case, the docketing of the judgments and the placement of the judgments on the certificate of title were "transfers." The essence of a transfer is the relinquishment of a valuable property right. *Matter of Commodity Merchants, Inc.*, 538 F.2d 1260, (7th Cir. 1976), citing, *In re Columbus Malleable, Inc.*, 459 F.2d 118, 120 (6th Cir. 1972); *In re Forney*, 299 F.2d 503, 506 (7th Cir. 1962).[3] Those transfers were perfected by 11 U.S.C. §547(e). So, without regard to actual recording on the certificate of title, the Defendants' judgments were deemed to be perfected immediately prior to filing and, thus, became avoidable. The power to avoid the debtor's prepetition transfers and obligations to maximize the bankruptcy estate for the benefit of creditors has been called a "legal fiction" by one court. *In re Cybergenics Corp.*, 266 F.3d 237, 243-44 (3rd Cir. 2000), citing, *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1523 (10th Cir. 1990). It puts the debtor in possession "in the overshoes" of a creditor. See, Benjamin Weintraub and Alan N. Resnick, BANKRUPTCY LAW MANUAL ¶ 7.04, 7-15 (3d ed. 1992) (quoting *Schneider v. O'Neal*, 243 F.2d 914, 918 (8th Cir. 1957). The Defendants don't like the result of the application of the law, but that doesn't change the result.

---

[3] That the judgments transferred a right is evidenced by the fact that they enabled the judgments to become liens on the property making it more difficult for the Trustee, to redeem. If the Trustee had redeemed U.S. Bank's mortgage, after the Defendants' liens were memorialized, his interest would have been subject to the Defendants' judgments. Accordingly, the judgments were transfers of valuable rights.

### 3. MAURICE WAGENER WAS THE RECIPIENT OF A TRANSFER.

Maurice Wagener seems to argue that, since he did not personally file items on the Northridge Certificate, that he did not receive a transfer. The Trustee's view is that regardless of who made the recordings in Maurice Wagener's name, those recordings were made for his benefit and are avoidable. The Bankruptcy Code, in 11 U.S.C. §549, does not require "intent." It is a strict liability statute for those who receive transfers.

### CONCLUSION

The remainder of Defendants' arguments, such as abandonment, have been previously addressed by the Trustee and do not merit additional recitation. The Defendants have received significant pre- and post-petition transfers which are avoidable. That the transfers have value is clear.

There is not a genuine issue of material fact and the Trustee is entitled to summary judgment as a matter of law and the Trustee will clarify the relief that he seeks. First, the Trustee seeks to recover the actual judgment liens of the Defendants and the rights derived from those liens pursuant to 11 U.S.C. §550. Therefore, as to Palladium, the Court simply awarding title to North Ridge to the Trustee would conclude this matter because that is what Palladium received.

As to Wagener and New Buffalo Auto Sales (who share a singular judgment lien), the recovery is simply calculated - it is what they received – an $80,000.00 cash payment and a $320,000.00 mortgage (in first position). Therefore, judgment should be entered against those Defendants in the amount of $80,000.00, jointly and severally, and the $320,000.00 mortgage recovered for the estate.

**LEONARD, O'BRIEN,
SPENCER, GALE & SAYRE, LTD.**

Dated: January 14, 2011

/e/ Matthew R. Burton

By_____

    Matthew R. Burton, #210018
    Attorneys for Plaintiff
    100 South Fifth Street, Suite 2500
    Minneapolis, Minnesota  55402-1234
    (612) 332-1030

433139

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

BKY No. 09-50779

Dennis E. Hecker,

      Debtor.

Randall L. Seaver, Trustee,

ADV No. 10-5027

      Plaintiff,

vs.

New Buffalo Auto Sales, LLC,
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener, and Palladium Holdings
LLC,

      Defendants.

## SUPPLEMENTAL AFFIDAVIT OF MATTHEW R. BURTON

STATE OF MINNESOTA    )
                           )
COUNTY OF HENNEPIN   )

      Your Affiant, being first duly sworn, deposes and states as follows:

      1.      I am the attorney for Randall L. Seaver, Trustee and Plaintiff in this matter.

      2.      Attached hereto as Exhibit 1 is a true and correct copy of my letter dated March 18, 2010 and docketed as item number 426 in the main case.

      3.      Attached hereto as Exhibit 2 are true and correct copies of notices of intent to redeem filed by Defendants' counsel.

FURTHER YOUR AFFIANT SAYETH NOT.

/e/  Matthew R. Burton

_____

Matthew R. Burton

# LEONARD, O'BRIEN
# SPENCER, GALE & SAYRE

Thomas W. Newcome**
Brian F. Leonard+
Eldon J. Spencer, Jr.+
Michael R. O'Brien‡
Edward W. Gale†
Grover C. Sayre, III+◇
Thomas W. Newcome III*
Michelle McQuarrie Colton
Joseph J. Deuhs, Jr.
Thomas C. Atmore +
Ernest F. Peake
Matthew R. Burton⌃
James M. Jorissen+
Peter J. Sajevic, III▫
Jennifer K. Eggers+§

Attorneys at Law
A Professional Association

100 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402-1234
Telephone (612) 332-1030
Fax (612) 332-2740

Internet: *www.losgs.com*

Andrea M. Hauser✳
Scott S. Payzant∞
Jordan W. Sayre
Patrick J. Lindmark
Andrew J. Budish

Of Counsel
  George B. Ingebrand, Jr.

▫ Also admitted in Arizona
∞ Also admitted in California
✳ Also admitted in Illinois
◇ Also admitted in Iowa
§ Also admitted in Montana
+ Also admitted in Wisconsin
† Board Certified Civil Trial Specialist
  (Minnesota State Bar Association and
  National Board of Trial Advocacy)
* Certified Real Property Law Specialist
  (Minnesota State Bar Association)
‡ Qualified Neutral (Rule 114)
** Retired Status

March 18, 2010

The Honorable Robert J. Kressel
United States Bankruptcy Court
300 South Fourth Street
Minneapolis, MN 55415

*__VIA ELECTRONIC FILING__*



Re:    Dennis E. Hecker
       Bankr. No. 09-50779

Dear Judge Kressel:

On March 12, 2010, we received records from Mr. William Skolnick regarding funds passing through his firm's accounts related to this bankruptcy case. Mr. Skolnick voluntarily agreed to produce these records when informed that Randall L. Seaver, the Chapter 7 trustee ("**Trustee**") intended to include Mr. Skolnick and his firm in a bankruptcy rule 2004 request.[1] Among the records produced were those attached as Exhibit A.

As the Court may recall, the Trustee entered into a settlement in January of this year which we had been led to believe was being funded by Ralph Thomas. The settlement provided that Mr. Thomas would pay $75,000.00 to the bankruptcy estate and that, in return, he would be quitclaimed the estate's interest in the North Ridge home and the piano that was in the home. The Trustee also dismissed a pending contempt motion against Christi Rowan as part of the settlement. The enclosed records indicate that the funds used to settle were not, in fact, Mr. Thomas' funds.

When the Trustee entered into the settlement, he was led to believe that Mr. Thomas was actually Mr. Skolnick's client and was the one who was actually making the offer. The check from Mr. Skolnick's firm bears the memo "Ralph Thomas." It appears that, instead, the money was taken from the Hecker children's and grandchildren's trust accounts. Investigating this further, I learned that:

---

[1] Mr. Skolnick's firm's bank records related to the Debtor were requested on February 23, 2010 and were received on March 12, 2010. Not all requested information has been produced.

(a)     In November of 2009, Mr. Hecker had asked Bruce Parker, in his capacity as trustee of the minors' trusts, whether he could borrow money from the trusts. Mr. Parker said, "no." Thereafter, Mr. Parker resigned and was replaced by William Prohofsky as the trustee for each of the trusts. Apparently, Mr. Prohofsky surrendered the policies and wired the cash value to Mr. Skolnick's operating account on December 16, 2009 (the same date as the $75,000 check). Further, we understand that loan documents were then drafted which mirror the amounts that went into Mr. Skolnick's account, but show a loan to James Gustafson (a former Hecker employee) or Focus Rental, LLC (although I have not seen these documents). Focus Rental, LLC has the same business address as Debtor's other business entities.

(b)     Mr. Thomas is now represented by Leonard, Street & Deinard. Through his counsel, I have learned that Mr. Thomas believed that the $150,000.00 that he transferred to Mr. Hecker during the course of this case was for payment of legal fees, not to purchase North Ridge. He did not know that his name was being used on the North Ridge transaction until he read about it in the papers.

(c)     The trust documents provide that the assets therein could not be used for the benefit of the settlor (the Debtor).

Your order of October 7, 2009 (approving the sale of items to the Debtor) required disclosure of the money source before the consummation of that sale. (The sale was never consummated.) It was with those concerns known to all that representations were made to me, the Trustee, and the Court that the $75,000.00 was being paid by Ralph Thomas. It appears that representations made to the Court and the Trustee relating to the involvement of Mr. Thomas and the source of the funds were not true.

The Trustee is in the process of ascertaining more facts regarding this matter and will act accordingly. However, in the interim, we felt that is was our duty to inform the Court of this situation.

Very truly yours,

LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.

By

Matthew R. Burton
Email:   *mburton@losgs.com*

MRB/slw
Enclosures
418790

## Check Images

Statement period:    Dec 01-Dec 31, 2009
Account number:    000000-▮▮▮
Image page: 12    of    18



EF▮▮▮▮▮▮▮▮ CK#    14121    75000.00

EXHIBIT A



WELLS FARGO

WELLS FARGO BANK, N.A.
METRO MINNEAPOLIS REGIONAL SPB
90 S 7TH ST, 11TH FLOOR
MINNEAPOLIS, MN 55402

SKOLNICK & SHIFF PA
2100 RAND TOWER
527 MARQUETTE AVE SO
MINNEAPOLIS MN 55402-1308

**For Customer Assistance:**
**Call 800-225-5935 (1-800-CALL-WELLS).**

| Account Number | Beginning Balance | Total Credits | Total Debits | Ending Balance |
|---|---|---|---|---|
| Business Cash | | | | |

### Electronic Deposits/ Bank Credits

| Effective Date | Posted Date | Amount | Transaction Detail |
|---|---|---|---|
| | Dec 16 | 20,750.00 | WT Fed#00324 Associated Bank , /Org =j▮ D H▮ Irrevoc Trust Srf# ▮JA00 Trn#▮9284 Rfb# |
| | Dec 16 | 20,750.00 | WT Fed#00331 Associated Bank , /Org =kelly K Hecker Irrevoc Trust Srf# ▮JA00 Trn#▮0054 Rfb# |
| | Dec 16 | 20,750.00 | WT Fed#00347 Associated Bank , /Org =s▮ D H▮ Irrev Trust Srf# ▮JA00 Trn#▮0619 Rfb# |
| | Dec 16 | 13,500.00 | WT Fed#00320 Associated Bank , /Org =g▮ D S▮ Irre Srf# ▮JA00 Trn#▮922 Rfb# |

**Continued on next page**

# EXHIBIT A



COPY

## JS FORM 75-M – NOTICE OF INTENTION TO REDEEM
By limited liability company

### NOTICE OF INTENTION TO REDEEM

NOTICE IS HEREBY GIVEN, by the undersigned, that it intends to redeem the tract of land lying and being in the County of Hennepin, State of Minnesota, described as follows, to wit:

**Lot 15, Block 3, North Ridge Farm.**

From the sale thereof made on the 19th day of January, 2010, by the Sheriff of the County of Hennepin, State of Minnesota, to <u>U.S. Bank National Association,</u> for the sum of <u>($213,263.00)</u> DOLLARS, as evidenced by the certificate of sale thereof by said sheriff, dated the 19th day of January, 2010 and registered in the office of the Registrar of Titles in and for said county, on or about the 19th day of January, 2010 as document number T4721940 and that it intends to make such redemption, under and by reason of the following rights and claims, to wit:

**Assignee of District Court Judgment file 27-CV-08-25766**

**SEE ATTACHED EXHIBITS A & B**



EXHIBIT
2
tabbies

IN TESTIMONY THEREOF, the undersigned has caused these presents to be executed this 7ᵗʰ day of July, 2010.

Palladium Holdings LLC

BY: Joe Yurecko
ITS: Chief Manager

STATE OF MINNESOTA )
                      ) ss.
COUNTY OF HENNEPIN )

This instrument was acknowledged before me this 7ᵗʰ day of July 2010, by Joe Yurecko, the Chief Manager of Palladium Holdings LLC, a Minnesota limited liability company.

_____
Notary Signature

DEREK M. CROCKETT
NOTARY PUBLIC MINNESOTA
My Commission Expires Jan. 31, 2011

Notary Stamp

DRAFTED BY/ RETURN TO:
Palladium Holdings, LLC
401 S 1ˢᵗ St #1813
Mpls, MN 55401

<u>**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**</u>

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT CO[...]
FOURTH JUDICIAL DISTR[...]
JUDGMENT

Dennis Hecker

Plaintiff(s)

Entered: January 27, 2009
Docketed:  April 29, 2009
Time: 12:06 a.m.

-vs-

JUDGMENT ROLL

Koch Group MPLS, LLC, David Koch,
Scott Kotaska and Tara Cain,

Defendant(s)

File No.: 27CV08-25766

    This cause having been regularly placed upon the calendar of the above named Court, came on for hearing on the 14th day of January, 2009,  upon motion of Plaintiff and the Court, after hearing the arguments of counsel and being advised in the premises, did, on the 23rd day of January. duly make and file its order granting said motion and for judgment herein.

    Now, pursuant to said order and on motion of Stephen Barrows, Esq., Attorney for the Defendant,

IT IS HEREBY ADJUDGED:

    1.That Defendants motion for summary judgment is granted.
    2. That Plaintiffs complaint is dismissed with prejudice. Defendants are entitled to costs and disbursements from Plaintiff.
    3.That judgment is entered in favor of the Defendants and against the Plaintiff for the sum of Eight Hundred Thirteen and 67/100 ($813.67)Dollars, the amount ordered to date hereof.

$813.67

BY THE COURT
DISTRICT COURT ADMINISTRAT[...]

By _____

Court Cler[...]

STATE OF MINNESOTA, COUNTY OF HENN[...]
hereby certify this _____ page docu[...]
to be a true and correct copy to the origin[...]
on file and of record in my office.
District Court Administrator
By _____ Deput[...]

1  Judgment on Motion

EXHIBIT D

STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF HENNEPIN                   FOURTH JUDICIAL DISTRICT

---

Dennis Hecker

            *Plaintiff,*                        Court File No. <u>27-CV-08-25766</u>

vs.                                         <u>**ASSIGNMENT OF JUDGMENT**</u>

Koch Group Mpls LLC,
David Koch,
Scott Kotaska,
Tara Cain,

            *Defendant(s),*

---

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, <u>Koch Group Mpls, LLC</u>, (ASSIGNOR), the judgment creditor in the above captioned matter hereby sells, transfers, and assigns without recourse or warranty to:

<u>Palladium Holdings, LLC</u>, (ASSIGNEE), all of the Assignor's right, title, and interest, including after acquired title, in the judgment awarded and thereafter docketed against Dennis Hecker, in the above captioned matter on April 29, 2009, in the amount of $813.67 DOLLARS, including without limitation all rights under garnishments, executions, or orders related to the judgment, and all relevant statutory interest due under said judgment.

1

IN WITNESS WHEREOF, the Assignor has executed this Assignment on the 27 day of ~~April~~, 2010.
May

ASSIGNOR:
Koch Group Mpls, LLC

BY:
ITS:

STATE OF MINNESOTA )
                    ) *ss.*
COUNTY OF HENNEPIN  )

This instrument was acknowledged before me on this 27 day of ~~April~~ 2010, by May
Dand Koch                     the     Chief Manager          of the Koch
Group Mpls, LLC.

*Notary Public*



DANA M. JABS
Notary Public
Minnesota
My Commission Expires January 31, 2011

**ADDRESS OF ASSIGNEE:**

Palladium Holdings LLC
C/O J. Yurecko
301 Clifton Ave #2H
Minneapolis, MN 55403
Tel 763-234-7114.

<u>THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.</u>

2

Zappia & LeVahn, Ltd.
Thomas M. Zappia/Anne T. Behrendt

## NOTICE OF INTENTION TO REDEEM

**NOTICE IS HEREBY GIVEN,** by the undersigned Minnesota limited liability company, that it intends to redeem the tract of land lying and being in the County of Hennepin, State of Minnesota described as follows:

Lot 15, Block 3, North Ridge Farm, Hennepin County, Minnesota

Certificate of Title No. 804148

Commonly known as: 1615 Northridge Drive, Medina, MN 55391

Parcel Identification No. 24-118-23-43-0010

from the sale thereof made on the 19th day of January, 2010, by the Sheriff of the County of Hennepin, State of Minnesota, to U.S. Bank National Association, for the sum of $213,263.00 as evidenced by the Sheriff's Certificate of Sale thereof by said sheriff, filed for record in the Office of the Hennepin County Registrar of Titles on January 19, 2010 as Document No. T4721940, and that it intends to make such redemption under and by reason of the following rights and claims to-wit:

That certain Judgment docketed May 7, 2009 in Hennepin County District Court in favor of New Buffalo Auto Sales, LLC, a Minnesota limited liability company, against Dennis E. Hecker, in the amount of $324,938.72, a certified copy of which was filed for record in the office of the Hennepin County Registrar of Titles on April 20, 2010 as Document No. T4747121.

**IN TESTIMONY WHEREOF,** the said individual has caused these presents to be executed this 15th day of June, 2010.

1

NEW BUFFALO AUTO SALES, LLC, A
MINNESOTA LIMITED LIABILITY
COMPANY

By: _____

           Anne T. Behrendt

Its:     Attorney

STATE OF MINNESOTA   )
                          ) ss.
COUNTY OF ANOKA     )

       The foregoing instrument was acknowledged before me this 15th day of June, 2010, by
Anne T. Behrendt, the attorney for New Buffalo Auto Sales, LLC, a limited liability company,
under the laws of the State of Minnesota, on behalf of the limited liability company.

_____
Notary Public

THIS INSTRUMENT WAS DRAFTED BY:
Anne T. Behrendt
Zappia & LeVahn, Ltd.
941 Hillwind Road NE, Suite 301
Fridley, MN 55432
Phone: 763-571-7721
Fax: 763-571-7734

DAWN M. ODEGARD
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2011

STATE OF MINNESOTA
COUNTY OF HENNEPIN

DISTRICT COURT
FOURTH JUDICIAL DISTRICT
JUDGMENT

New Buffalo Auto Sales, LLC, a
Minnesota limited liability company, fka New
Buffalo Chrysler, LLC, and Maurice J. Wagener
                          Plaintiff(s)

Entered: May 7, 2009

Docketed: May 7, 2009

Time: #1  10:45 a.m.

      #2  10:46 a.m.

File No: 27CV09-2692

-vs-

Monticello Motors LLC, a Minnesota limited
liability company and Dennis E. Hecker

                    Defendant(s)

JUDGMENT ROLL

Pursuant to the Order of the Court, duly made and filed on the 4th day of May, 2009, and
upon motion of Anne T. Behrendt, Esq., attorney for Plaintiff,

   IT IS HEREBY ADJUDGED:

1. That judgment is entered in favor of the Plaintiffs and against the Defendant Monticello

   Motors, LLC, only, for the sum of three hundred twenty one thousand two hundred fourteen

   and 91/100 ($321,214.91)Dollars, the amount ordered with interest to date hereof.

2. That judgment is entered in favor of the Plaintiffs and against the Defendant Dennis E.

   Hecker only, for the sum of three hundred twenty four thousand nine hundred thirty eight

   and 72/100 ($324,938.72)Dollars, the amount ordered with interest to date hereof.

#1 $321,214.91
#2 $324,938.72


                              BY THE COURT

                    DISTRICT COURT ADMINISTRATOR

                    By _____
                                              Court Clerk

1

STATE OF MINNESOTA, COUNTY OF HENNEPIN
I hereby certify this _____ page document
to be a true and correct copy of the original
on file and of record in my office.
District Court Administrator

By _____  Deputy

4.  804148

## JUDGMENT STATEMENT FOR TORRENS PROPERTY

DATE:  April 20, 2010

TO:  Hennepin County Registrar of Titles

PLEASE FILE THE ATTACHED JUDGMENT AGAINST THE FOLLOWING PROPERTY.

TORRENS CERTIFICATE NUMBER: 804148

LEGAL DESCRIPTION:  North Ridge Farm, Lot 15, Block 3

PROPERTY ADDRESS:  1615 Northridge Dr, Medina, MN

REGISTERED OWNERS:  Dennis E. Heoker

Return to:
Cavalry Portfolio Svcs LLC
P.O. Box 470937
Tulsa, OK 74147

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

BKY No. 09-50779

Dennis E. Hecker,

       Debtor.

---

Randall L. Seaver, Trustee,

ADV No. 10-5027

       Plaintiff,

vs.

New Buffalo Auto Sales, LLC,
a Minnesota limited liability company,
f/k/a New Buffalo Chrysler, LLC,
Maurice J. Wagener, and Palladium Holdings
LLC,

       Defendants.

---

## UNSWORN CERTIFICATE OF SERVICE

---

I hereby certify that on January 14, 2011, I caused the following documents:

      ***Plaintiff's Reply to Defendants' Response to Plaintiff's Summary Judgment Motion and Supplemental Affidavit of Matthew R. Burton***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

                            /e/  Stephanie Wood

Dated:  January 14, 2011
                    _____
                    Stephanie Wood
                    100 South Fifth Street, Suite 2500
                    Minneapolis, MN  55402
                    (612) 332-1030

433400