UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:   Bky. File No. 09-50779-RJK

Dennis E. Hecker

    Debtor.

Randall L. Seaver, Trustee,   Adv. File No. 10-5027-RJK

    Plaintiff,

vs.

New Buffalo Auto Sales, LLC, f/k/a Buffalo Chrysler, LLC, Maurice J. Wagener, and Palladium Holdings, LLC,

    Defendants.

# REPLY IN SUPPORT OF DEFENDANTS NEW BUFFALO AUTO SALES, LLC AND PALLADIUM HOLDINGS, LLC'S MOTION FOR SUMMARY JUDGMENT

In his response to NBAS and Palladium's motion, the Trustee fails to successfully rebut any of the arguments raised by NBAS and Palladium. Specifically, the Trustee has failed to establish that the prepetition entry of judgments constituted a transfer of estate property. He similarly has not pointed to any authority for the notion that his abandonment of Northridge was ineffective. And most importantly, the Trustee has not shown that the estate is in any worse a position as a result of the alleged transfers than it would have been in absent those actions. Accordingly, § 550 dictates that there is no "value" that the Trustee may recover. The Court should therefore grant summary judgment in favor of NBAS and Palladium and dismiss the Trustee's claims in their entirety.

# ARGUMENT

I. **The entry of judgments did not create an unperfected judgment lien or otherwise constitute a transfer under 11 U.S.C. §101(54).**

The Trustee argues that "[e]ntry of the judgments served to transfer to the judgment holders the right to perfect a judgment lien against Northridge."[1] The Trustee then claims that he can avoid Defendants' prepetition unperfected lien pursuant to 11 U.S.C. §547(e)(2)(C).[2]

As previously argued, the Trustee is wrong as a matter of law because Minnesota's Torrens Act expressly requires the judgment creditor to file the judgment before a lien is created against Torrens property. Because the judgments were not filed with the Hennepin County Registrar of Titles until April 2010, they did not create a lien on the Northridge property, unperfected or otherwise, until April 2010.

The Trustee has failed to cite one case in which a court held that a judgment alone constitutes a transfer under 11 U.S.C. §101(54) or creates an unperfected lien against Torrens property prior to filing the judgment. Significantly, the only case cited by the Trustee is *Souleles v. Saxon Paint and Home Care Centers, Inc.*,[3] which supports precisely the argument NBAS and Palladium make in this case. In *Souleles* the parties executed a Parking Agreement prepetition, which granted the seller certain rights to use the purchaser's parking lot.[4] Because the seller failed to file the Parking Agreement in real property records as required under the Illinois Torrens Act, the seller's interest remained unperfected and did not bind or affect the real property.[5] Unlike the judgments in this case, the Parking Agreement in *Souleles* did constitute a transfer under 11 §101(54) because the purchaser gave up certain property rights by allowing the

---

[1] Trustee's Resp. Memo. 2.
[2] *Id.* at 3.
[3] 1992 WL 330391 (N.D. Ill. 1992).
[4] *Id.* at 1.
[5] *Id.* at 4.

seller to utilize the real property for parking. Here, no property rights were affected until the judgment was filed and a lien created in April 2010, which arguably would have constituted a transfer under §101(54)(A) but for the Trustee's abandonment of Northridge. Accordingly, the "transfer," if any, occurred postpetition, rendering 11 U.S.C. §547 inapplicable in this case.

## II.     The Trustee abandoned and disposed of the Northridge property.

The Trustee argues that he never abandoned or otherwise disposed of Northridge under 11 U.S.C. §§554(a) and (b), and Fed.R.Bankr.P. 6007, which "requires notice, a hearing, and an order of the court authorizing the abandonment."[6] As previously argued, however, this is precisely what the Trustee did in this case in January and February 2010. Rule 6007 requires that "[u]nless otherwise directed by the court, the trustee . . . shall give notice of a proposed abandonment or disposition of property . . . ." Consistent with Rule 6007, the Trustee filed a notice and motion seeking court approval of a settlement agreement disposing of Northridge. In that motion, in compliance with the requirements of § 554, Fed.R.Bankr.P. 6007, and Local Rule 6007-1, the Trustee provided twenty days' notice to all creditors that a hearing would be held on January 27, 2010 and represented that he "believes that this Settlement Agreement is in the best interest of the estate. Northridge is not believed to have equity and secured creditors are foreclosing on their liens." After the court granted the Trustee's motion and approved the Settlement Agreement, the Trustee in fact proceeded to execute a deed to Northridge in February 2010.

In his responsive brief, the Trustee cites the cases of *In re Reed* and *In re Hyman*. In fact, however, both these cases support Defendants' position that the Trustee abandoned and disposed of Northridge. The *Reed* case, for one, merely stands for the proposition that, in order to

---

[6] Trustee's Resp. Memo. 4.

3

abandon property, there must be some sort of notice, hearing and court action under 11 U.S.C. §554, all of which happened in this case.[7] Similarly, in *Hyman*,[8] the court simply stated that "[a]bandonment requires affirmative action or some other evidence of intent by the trustee." Defendants agree. As previously discussed—and consistent with §554 and Rule 6007—the Trustee took the requisite affirmative actions evidencing his intent to dispose of Northridge. And once disposed of by the Trustee, pursuant to this court's order, Northridge was no longer property of the estate. Notwithstanding the Trustee's allegation of fraud as to the source of the funds transferred in connection with the settlement agreement, he took no action to vacate the court's order or otherwise to unwind the abandonment of Northridge. Defendants had the right to rely on the court order and exercise their state-law rights with respect to Northridge without fearing that the Trustee would suddenly change his mind.[9]

Notably, the *Reed* case cited by the Trustee also refers to the case of *In re Hunter*. In *Hunter*, the court held that the defendants had the right to rely on the trustee's filing of a final no-asset report "without having to wonder whether the trustee will second guess himself."[10] The *Hunter* court further held that the trustee was not entitled to set aside his abandonment in order to pursue a preference claim for the avoidance of a lien on the abandoned property.[11] Similar to *Hunter*, the Defendants have the right to rely on the court's order approving the disposition of Northridge when they exercised their state-law rights after the Trustee failed to redeem. And as in *Hunter*, the Trustee here does not have the right to change his mind now and pursue an action to avoid Defendants' liens on Northridge. Indeed, the Trustee's decision to pursue Defendants,

---

[7] *In re Reed*, 940 F.2d 1317, 1321 (9th Cir. 1991).
[8] 123 B.R. 342 (9th Cir. B.A.P. 1991).
[9] Yurecko Aff. ¶ 2.
[10] *Id.* at 1332 (citing *In re Hunter*, 76 B.R. 117 (Bankr. S.D.Ohio 1987).
[11] *In re Hunter*, 76 B.R. at 120.

4

despite the court's prior order, has affirmatively harmed the Defendants because the Trustee's baseless notice of lis pendens remains a memorial on the certificate of title to Northridge.

In sum, the Trustee abandoned and conclusively disposed of estate property, therefore there was no transfer of estate property under §549.

## III. There is no "property" or "value" for the Trustee to recover under § 550.

It is undisputed that there is no longer any "property"—judgment liens—for the Trustee to recover under § 550. When the Northridge property was lawfully transferred to U.S. Bank upon the Trustee's failure to exercise the estate's right of redemption, those judgment liens were extinguished as a matter of state law. The Trustee elected not to pursue avoidance of the judgment liens and preserve the interest for the benefit of the estate prior to the expiration of the redemption period. Under §551, that decision is not surprising, given that the Trustee had already disposed of Northridge by court order, noting the lack of equity in the property.

As stated in *Schwartz v. MERS, et. al.*[12] "[t]he purpose of Section 550 is to restore the debtor's financial condition to the state it would have been had the avoided transfer not occurred."[13] Avoidance of the judgment liens, prior to the expiration of the redemption period, would not have changed the state of the bankruptcy estate's financial condition because, as the Trustee admits, the property was over-encumbered. Section 551 prevents the Trustee from now stepping into the shoes of the Defendants because Northridge, by virtue of both abandonment *and* expiration of the period of redemption, is no longer property of the estate.

Likewise, the Defendants' interest in the estate's property, if any, had no value. As previously discussed, the Northridge property did not have sufficient value to support the judgment liens. This is precisely why the Trustee abandoned Northridge. And even after

---
[12] 383 B.R. 119 (8th Cir. B.A.P. 2008).
[13] *Id.* at 125.

alleging fraud relating to the funds received in connection with the abandonment, the Trustee did nothing to vacate the court's prior order or to unwind the abandonment. Rather, the Trustee allowed the foreclosure by U.S. Bank to proceed and allowed the estate's equitable interest in Northridge, if any, to be extinguished. If the Trustee had redeemed *and* avoided the judgment liens, Northridge still would have remained over-encumbered by all of the other liens junior to U.S. Bank's mortgage (exclusive of the judgment liens). In other words, at all relevant times, the value of the estate's interest in the Northridge property was always zero.[14]

The value the Trustee seeks to recover in this case does not represent the value of an interest of the estate arguably transferred when the judgment liens were filed. In fact, the value complained of did not represent the value of an interest of the estate at all. The value the Trustee seeks to recover represents value created by the failure of junior lienholders to redeem from U.S. Bank. Upon the expiration of the redemption period, U.S. Bank became the lawful fee owner of Northridge. Any value created by the failure of junior lienholders to redeem was the property of U.S. Bank until it transferred that interest to NBAS. There is no dispute that the Trustee could not have recovered that value from U.S. Bank.[15]

Although Defendants may have benefited from this value created, it had no impact on the estate. Defendants are not in a preferred position vis-à-vis other unsecured creditors. The estate's assets were not depleted because NBAS redeemed from U.S. Bank. As stated by the court in *Schwartz*, the estate is only "entitled to recover the preferential value" of the judgment liens.[16] There is no preferential value created when U.S. Bank transferred its interest to NBAS.

---

[14] Contrary to the Trustee's argument, at this juncture the Court may only award value, not property, because the "transferred property" no longer exists. While the Defendants vigorously dispute the Trustee's entitlement to any recovery under § 550, the most the Trustee could ever recover would be the value of the NBAS judgment lien, approximately $320,000. In no event may the Trustee recover title to Northridge.
[15] *See Joing v. O&P Partnership*, 82 B.R. 500 (Bankr. D.Minn. 1987).
[16] *Schwartz v. MERS, Inc. et. al.*, 383 B.R. at 126-27.

Any issue regarding that transfer is between U.S. Bank and NBAS. The Trustee does not have standing to argue whether NBAS had the right to redeem from U.S. Bank.

Finally, the Trustee cites *Brun v. Madray*,[17] in support of his argument that he is entitled to the value of the Defendants' interest at the time of judgment. However, as discussed above, the Defendants did not have an interest in estate property because the Trustee abandoned the property and it was no longer property of the estate. Even if the court rejects this argument, the value of the Defendants' interest in the estate's property was always zero. The value of the judgment liens never appreciated. There is no dispute that all prior and superior liens were valid and enforceable through the end of the redemption period. If the judgment liens never attached to Northridge, the estate would have been in the same financial position throughout the entire redemption period. Even if the Trustee had redeemed, there was still no value because the liens junior to U.S. Bank's mortgage (exclusive of the judgment liens) over-encumbered Northridge, and as a matter of state law, any redemption by the estate would have been subject to those liens. As such, any value that arose after expiration of the redemption period inured to the benefit of U.S. Bank and not to the estate. U.S. Bank transferred that value to NBAS.

## CONCLUSION

For the reasons discussed above and in NBAS and Palladium's motion for summary judgment, Defendants respectfully request entry of judgment in their favor dismissing the Trustee's claims in their entirety.

---

[17] 360 B.R. 669 (Bankr. C.D. Cal. 2007).

DATED:  January 14, 2011	**LINDQUIST & VENNUM PLLP**

By /s/ William P. Wassweiler
    William P. Wassweiler (#232348)
    wwassweiler@lindquist.com
    James M. Lockhart (#176746)
    jlockhart@lindquist.com
    Karla M. Vehrs (#0387086)
    kvehrs@lindquist.com
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)

**ATTORNEYS FOR NEW BUFFALO AUTO SALES, LLC AND PALLADIUM HOLDINGS, LLC**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker

　　　　Debtor.

| | |
|---|---|
| Randall L. Seaver, Trustee,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>New Buffalo Auto Sales, LLC, f/k/a Buffalo Chrysler, LLC, Maurice J. Wagener, and Palladium Holdings, LLC,<br><br>　　　　Defendants. | Adv. File No. 10-5027-RJK<br>Bky. File No. 09-50779-RJK<br><br><br>**AFFIDAVIT OF<br>JOSEPH YURECKO** |

STATE OF MINNESOTA　)
　　　　　　　　　　　) ss.
COUNTY OF HENNEPIN　)

　　　　I, Joseph Yurecko, hereby state and testify as follows:

1. I am the Chief Manager of Palladium Holdings, LLC ("Palladium") and make this affidavit in support of the Motion for Summary Judgment brought on behalf of Palladium and New Buffalo Auto Sales, LLC ("NBAS"). I have personal knowledge of the matters stated herein.

2. About two weeks before the redemption period from the US Bank foreclosure expired, I was reviewing documents in the bankruptcy for information about the Northridge property. When doing so, I saw information which indicated that the Trustee had sought and received the bankruptcy court's approval to deed the property to Ralph Thomas. Based on this information I concluded that the Trustee no longer had any interest in the

Northridge property. In reliance on the same information I then proceeded to negotiate and close on behalf of Palladium the transaction pursuant to which NBAS redeemed Northridge from the US Bank foreclosure proceeding and sold the property to Palladium.

Dated: January 14, 2011

/s/ Joseph Yurecko /

Subscribed and sworn to before me
this 14th day of January, 2011.

/s/ Amy Ganci Jones
Notary Public

AMY GANCI JONES
Notary Public
Minnesota
My Commission Expires January 31, 2011

1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  Bky. File No. 09-50779-RJK

Dennis E. Hecker

        Debtor.

Randall L. Seaver, Trustee,  Adv. File No. 10-5027-RJK

        Plaintiff,

vs.

New Buffalo Auto Sales, LLC, f/k/a Buffalo
Chrysler, LLC, Maurice J. Wagener, and Palladium
Holdings, LLC,

        Defendants.

## CERTIFICATE OF SERVICE

      I hereby certify that on January 14, 2011, I caused the following documents:

1. Reply in Support of Defendants New Buffalo Auto Sales, LLC and Palladium Holdings, LLC's Motion for Summary Judgment; and

2. Affidavit of Joseph Yurecko.

to be filed electronically with the Clerk of Court through ECF and that the above document will be delivered by automatic e-mail notification pursuant to ECF and this constitutes services or notice pursuant to Local Rule 9006-1(a)

Dated: January 14, 2011          /e/ Erin Daniels
        Erin Daniels
        Lindquist & Vennum PLLP
        80 South 8th Street
        Suite 4200
        Minneapolis, MN 55402
        (612) 371-3211